## SUPREME COURT.

HARRIS AND OTHERS, Commissioners of Highways, agt. WHITNEY
AND OTHERS.

A *return* to a writ of certiorari made by Judges after they had gone out of office,
*held*, valid. (*The case of Peck agt. Foote and wife*, 4 *How. Pr. R.* 425, so
far as a different doctrine is stated, overruled.)
Where the judges of the late Common Pleas reversed an order of the commissioners of highways, on appeal (1 *R. S.* 518, § 84 and 88), and it appeared
that after the hearing before them, they did not confer together upon the
matter, but had an understanding that they would meet for that purpose at a
future time, which never occurred; but the order of reversal was signed by
two of the judges at different times and places, *held*, that it was irregular.
*All* the judges should have met for the purpose of determining the appeal,
and then a decision of a majority would have been valid (2 *R. S.* 555, § 27).

*Chenango General Term*, 1851. MASON, SHANKLAND and MONSON, *Justices*. This case was brought into this court by certiorari
to reverse an order of the judges of Broome Common Pleas, reversing a certain order of the commissioners of highways of the
town of Vestal, laying out a highway in said town. The judges
met, due notice having been given to all parties, and heard the
appeal, and separated without making any determination of the
matter, with the understanding that they should meet at a future
day. They never met afterwards; but the order was made in
the manner stated in the opinion below. The judges went out
of office on the change from the old to the new system under the
present constitution, before they had made their return. Their
return has been made since they went out of office, and upon the
argument of the cause, the defendants' counsel made it a point
that the case could not be heard upon the return of the judges
after they had gone out of office.

HOTCHKISS & SEYMOUR, *for Plaintiffs*.

BIRDSALL & BARTLETT, *for Defendants*.

By the Court, MASON, Justice.—There is no doubt that these
proceedings were properly brought up here by certiorari (Lawton
and others vs. The Commissioners, &c. of the town of Cambridge,

2 *Caines R.* 179; Commissioners of Highways of the town of Kinderhook vs. Clow and others, 15 *J. R.* 537). The appeal from the decision of the commissioners of highways lay to any three judges of the Court of Common Pleas of the county in which such road was situated ( 1 *R. S.* 518, § 84 and 88), by any person aggrieved. The appeal was to any three judges, and the statute conferred a special authority upon the judges to hear and determine such appeal. The judges must all meet for the purpose of determining such appeal, and then a decision of a majority will be valid (2 *R. S.* 555, § 27; Woolsey and others vs. Tompkins and others, 23 *W. R.* 324: Fitch vs. Com. of Highways of Kirkland, 22 *W. R* 132; Downing vs. Rugar, 21 *W. R.* 178). There is no doubt that the judges erred in not meeting together to consider of the matters of said appeal. The judges, after having given due notice to all parties, heard the proofs and allegations of the parties interested in said appeal, and the arguments of their counsel on the 22d day of June, 1847. The judges then separated without having conferred together upon the matters of said appeal with the understanding that they should meet at some future day. They did not meet afterwards to consider of the matters of said appeal. The order which we are asked to reverse upon this writ of certiorari was drawn up by the attorneys of the appellant and *signed by* Judge Whitney at Binghamton, and then presented to Judge Kimball at Union, and there signed by him. It can not be doubted, I think, that this was an error, and one of such a character as requires this court to reverse it, or set it aside. Such an order is, to say the least, grossly defective if not a nullity. But it is said by the counsel for the defendant that the return to this writ is a nullity, as it was made by these judges after they had gone out of office, and that consequently this case can not be heard upon their return; and we were referred upon the argument to the case of Peck agt. Foote and wife (4 *How. Pr. R.* 425), as sustaining such a doctrine. Such is the decision in the case of Peck agt. Foote. That case came before Justice HARRIS on a motion to set aside the return to the writ made after the judge had gone out of office, and which

Harris and others agt. Whitney and others.

motion he granted.   This case of Peck agt. Foote has been fully considered by this court, and I believe we are unanimous in the opinion that the case is wrongly decided and ought not to be followed.   It was expressly decided by the Supreme Court of Massachusetts upon a full consideration of the question in the case of Welch vs. Jay ( 13 *Pick. R.* 477, 481, 483), that at common law a public officer may make a valid return of what was done by him while in office, after his term of office has expired (see also Clerk vs. Wilkins, 1 *Salk. R.* 322; The King vs. The Sheriff of Middlesex, 4 *East R.* 604).   And it was decided by this court in the case of Green vs. Bates & Kent, M. S., that a sheriff who has executed an execution while in office, might make a valid return so as to authorize the filing of a creditor's bill after his removal from office.   There is no doubt but we might require the return which is made in this case to be sworn to, or that we might hear it upon affidavits of the judges, stating the proceedings before them; but we think that where, as in the present case, there is no motion made to set aside the return, and no complaint but that it contains a faithful statement of the proceedings had before these judges, that it is entirely competent to hear the case upon their return, and I am of opinion that at common law this return is good.   But this court can hear the cause without a formal return.   It was held in the case of Clason vs. Shotwell ( 12 *Johns. R.* 31), that where a certiorari is issued to a justice of the peace to return the proceedings in case of forcible entry and detainer, and the justice dies before any return is made, that this court will hear and decide the case on affidavits showing the proceedings before the justice.   And in the case of Seymour vs. Webster ( 1 *Cow. R.* 168), which was brought into this court by certiorari to review the judgment of a justice of the peace, and where the justice had died before he made his return, the court ordered the case to be heard in this court upon affidavits, requiring each party to serve the affidavits upon which they relied.   This practice was allowed, it was said, to avoid a failure of justice.   And I think, in the case under consideration, that there is no use to delay the judgment in

this case to require the facts which are embraced in this return to be shown by affidavits. There is no complaint made that this return does not contain a truthful statement of the facts of this case, and as the parties have come to argue the case upon this return, I think we should decide the case. The order, therefore, must be reversed.