## THE PEOPLE, *ex rel.* Ebenezer M. Davis, *vs.* HEZEKIAH HILL and others.

When a case is made for issuing a writ of *certiorari,* it will be directed to all persons whose return is necessary to enable the court to determine the regularity or validity of the proceedings of the officer or tribunal sought to be reviewed.

To require that a writ should issue to each of the officers or bodies whose action is sought to be reviewed, is wholly unnecessary; *it seems.* It would be sacrificing substance to form.

If the writ is directed to all the officers or bodies, whose action was necessary to complete the act which is complained of, it is enough. Each officer, body or board can return as to the part performed by himself, or by itself, and then the court will have before it all the information that could be obtained by issuing any number of separate writs.

These reasons are only intended to apply to cases in which several officers or bodies are required to perform separate acts which go to make up one official

The People *v.* Hill.

transaction; as in the case where the assessors, commissioners and county clerk each perform acts which form part of the action necessary to bond a town in aid of the construction of a railroad.

When the acts of different officers do not form parts of one entire official act, then writs must issue to each body or officer whose act contributes to the completion of the act complained of.

When ministerial acts enter into, and form part of, the act complained of as illegal, the writ is properly directed to the officer or body thus acting; although, under the circumstances, the writ could not issue against an officer or body acting ministerially.

When the only relief to a party is a certiorari, and relief cannot be granted without having before the court the action of a ministerial officer, in reference to the same matter, it is the right, as it is the duty, of the court to compel a return of such matter, in obedience to the writ.

The act of a ministerial officer cannot be reviewed on certiorari, unless it is connected with the judicial action of some other officer; nor then, unless it is necessary, to enable the court from which the writ issues to grant the appropriate relief.

On a certiorari to review proceedings to bond a town in aid of the construction of a railroad, it is not necessary to make the assessors parties to the writ, in order to obtain the assessment roll, consents of tax-payers, &c. But it is essential to make them parties in order to ascertain whether they have, by personal inspection and comparison of the consents and assessment roll, determined that consents had been signed by the number required in order to bond the town.

It is no reason for quashing the writ that the assessors, or other persons to whom it is directed, are out of office ; it being well settled that the writ may issue to an officer whose term of office has expired, and to the representative of one who has died, who has the custody of the record made by such deceased officer.

A WRIT of certiorari was issued in behalf of the relator, a taxable inhabitant of the town of Ontario, in the county of Wayne, to review the proceedings to bond the town of Ontario to aid in the construction of The Lake Ontario Shore Railroad, pursuant to the provisions of an act of the legislature, entitled "An act to authorize certain towns of the counties of Oswego, Cayuga and Wayne to issue bonds and take stock in and for the construction of The Lake Ontario Shore Railroad," passed May, 1868, which act was amended by chapter 241 of the laws of 1869.

The objections to the proceedings were, 1. That the

assessors did not, by personal examination, ascertain, before making the affidavit, that the consent of a ma-. jority in number and amount of the taxable property, and of the tax-payers of said town appearing on the last preceding assessment roll of said town, being that of 1869, had been obtained, as required by the second section of said act; and, 2. That in fact the consent of a majority in number and amount had not been obtained when such affidavit was made.

The writ was directed to the three railroad commissioners appointed by the county judge of Wayne county, pursuant to the provisions of the act above cited, to the assessors of said town for the year 1870, and to A. F. Redfield, clerk of said county of Wayne.

Returns to said writs were made by the railroad commissioners, and by the assessors named in said writ.

A motion was now made, on behalf of the railroad commissioners, to quash said writ, and the grounds relied upon to quash it were:

*First.* That the commissioners did not exercise any judicial functions, and hence a certiorari cannot issue to bring up their proceedings.

*Second.* That all the things required to be done prior to issuing the bonds of the town were done before the appointment of the commissioners, and the papers filed in the county clerk's office as required by law; and hence it is impossible for the commissioners to return such matters in obedience to said writ.

*By the Court,* MULLIN, P. J. If a writ of certiorari will not lie in this case, or, what is the same thing, if there is no officer or person compelled to make a return to it, the tax-payers of the town of Ontario are utterly without redress, and their property taken for the benefit of a private corporation without any redress, no matter how illegal the proceedings to attain the end may have been.

The People *v.* Hill.

The case is one in which technicalities must not be permitted to stand in the way of relief to the party claiming to be injured by the proceedings, unless greater abuses are likely to result from disregarding them than from conforming to them.

To enable the court to pass upon the legality of the proceedings to bond the town of Ontario, it must have before it the assessment roll of 1869; the consents of the tax-payers, with the proof of their signatures thereto; the affidavits of the assessors, and the return of the assessors whether they did or did not personally ascertain, by a comparison of the consents with the assessment roll, that a majority in number of the tax-payers, and representing a majority in amount of the taxable property appearing on the preceding assessment roll, had consented to bonding said town, before making the affidavit that such consents had been given, so as to authorize the commissioners to subscribe for stock of said railroad company and to issue bonds to pay for the same.

The original papers on which the assessors are presumed to have acted, were required to be filed in the county clerk's office, and the county clerk, or his deputy, could alone return them, or certified copies of them.

The assessors could alone return whether they had personally ascertained that the consents had been signed by the required number of tax-payers.

The county clerk and assessors are necessary parties to the writ, and unless a return is made by them, no relief whatever can be granted. The only matters the commissioners can return would be, whether they had subscribed for stock in said railroad company and issued bonds in payment therefor. These acts, whether done or omitted to be done, can reflect no light on the question of legality of the proceedings preceding the appointment of the commissioners; but it may be important that the court should be informed whether stock

had been subscribed for, and to what amount, in order to enable it to grant the relief which may be proper in the premises.

When a case is made for issuing a certiorari, it will be directed to all persons whose return is necessary to enable the court to determine the regularity or validity of the proceedings of the officer or tribunal sought to be reviewed.

It was held, in *Starr* v. *Trustees of the Village of Rochester*, (6 *Wend.* 564,) that a certiorari could not be directed to several officers who performed separate parts in appropriating land for widening a street in that village ; that in such case a writ should issue to each of the officers or bodies who participated in the proceedings. (*See also*, *Fitch* v. *Coms. of Kirkland*, 22 *Wend.* 132.)

The point was more distinctly met in the *matter of Woodbine Street*, (17 *Abb.* 112.) The judge says, as many writs may issue as were necessary to bring up the whole record.

Conformity to the established practice would make it proper to quash the writ as multifarous ; but it is valid as to one of the bodies to which it is addressed, and irregular as to the others only.

In the case of *Starr* v. *Trustees of the Village of Rochester*, (*supra*,) it was suggested by the learned judge that *perhaps* the addition of the names of parties who should not be united in the same writ, was irregular merely, and did not call for quashing the writ.

It seems to me that to require that a writ should issue to each of the officers or bodies whose action is sought to be reviewed, is wholly unnecessary. It is sacrificing substance to form. If the writ is directed to all the officers or bodies whose action was necessary to complete the act which is complained of, it is enough. Each officer, body or board can return as to the part performed by himself, or by itself, and thus the court will

The People *v.* Hill.

have before it, all the information that could be obtained by issuing any number of separate writs.

These views are only intended to apply to cases in which several officers or bodies are required to perform separate acts which go to make up one official transaction, as in the case before us, where the assessors, commissioners and county clerk, each, perform acts which form part of the action necessary to bond the town.

But when the acts of different officers do not form parts of one entire official act, then writs must issue to each body or officer whose act contributes to the completion of the act complained of.

When ministerial acts enter into, and form part of the act complained of as illegal, the writ is properly directed to the officer or body thus acting, although, under the circumstances, the writ could not issue against an officer or body acting ministerially.

When the only relief to a party is a certiorari, and relief cannot be granted without having before the court the action of a ministerial officer in reference to the same matter, it is the right, as it is the duty, of the court to compel a return of such matters in obedience to the writ. The act of a ministerial officer cannot be reviewed on certiorari, unless it is connected with the judicial action of some other officer; nor then, unless it is necessary to enable the court from which the writ issues to grant the appropriate relief.

It was not necessary to make the assessors parties to the writ in order to obtain the assessment roll, consents, &c.; but it was essential to make them parties in order to ascertain whether they had, by personal inspection and comparison of the consents and assessment roll, determined that consents had been signed by the number required in order to bond the town.

Whether this information will be deemed by the court of any importance, in determining the validity of the proceedings to bond the town, is not now before us, and

we will not enter upon an examination of that question. It is enough for us to know that it was deemed proper, by the court ordering the certiorari, to call for a return on that precise point.

It is no reason for quashing the writ that the assessors or other persons to whom it is directed are out of office. It has been settled, for a long time, that the writ may issue to an officer, whose term of office has expired, and to the representative of one who has died, who has the custody of the record made by such deceased officer. (*Harris* v. *Whitney*, 6 *How. Pr.* 175, *and cases cited.*)

The motion to quash must be denied, but without costs, as the practice is unsettled, upon the points presented by the motion.

[FOURTH DEPARTMENT, GENERAL TERM, at Syracuse, January 7, 1873. *Mullin, Talcott* and *E. D. Smith* Justices.]