556    PEOPLE ex rel. U. & B. R. R. R. CO. v. SHIELDS.

Fourth Department, January Term, 1876.

THE PEOPLE ex rel. THE UTICA AND BLACK RIVER
RAILROAD COMPANY v. MICHAEL SHIELDS and
others, Assessors of the City of Utica, Respondents.

*Corporation — assessment of capital stock of.*

The capital stock of the relator, a railroad corporation, having its principal place
of business at the city of Utica, was assessed at that place, by the respondents,
at $40,000. The relator applied to have this stricken out, upon an affidavit
showing that its debts exceeded the value of its personal property, which appli-
cation was denied. *Held,* that as it did not appear that the capital stock of the
relator, uninvested in real estate on its road, did not exceed the sum assessed
against it, that the assessment must be affirmed.

Certiorari to review the proceedings of the board of assessors
of the city of Utica, in refusing to strike from the assessment roll
an assessment of $40,000 made against the relator.

It appeared from the return that the relator is an incorporated
stock company, owning and operating a railroad extending from the
city of Utica, northwardly, to Philadelphia, N. Y.; its principal
business office being in the city of Utica.

Frederick Maus, one of the respondents, was the assessor of the
Second ward, and as such he assessed the real estate of the com-
pany within his ward (about which no question was made here) ;
and also assessed its capital stock, over and above the cost of its
real estate, as personal property, at $40,000. The company fur-
nished no statement of its affairs to the assessor.

On the seventeenth of August, the day appointed for reviewing
the assessments, the relator appeared, by its vice-president and
attorney, before the assessors, and, upon the affidavit of Mr. Thorn,
asked to have the assessment of $40,000 for personal property
stricken from the roll, on the ground that the debts of the com-
pany far exceeded the value of all its personal property.

The affidavit was read and was considered by the assessors; and
the parties appearing also proposed and offered to be sworn, and
to give oral evidence in reference to the personal property of the
company and its value, and the debts of the company, but did not
propose, or offer or consent, to give any evidence or information as to

PEOPLE ex rel. U. & B. R. R. R. CO. v. SHIELDS.   557

FOURTH DEPARTMENT, JANUARY TERM, 1876.

the amount and value of its capital, or the cost of its real estate, or from which the assessors could determine its surplus profits or reserved funds, or the true amount of its capital taxable as personal property. The assessors regarded the affidavit and the further proof offered as wholly immaterial, although true, and denied the application to strike out the assessment, and made and signed the statement required by section 5 of chapter 536 of the Laws of 1857.

*W. Kernan*, for the relator.   The assessor making the assessment roll had power only to assess the company for the value of its personal property, after deducting the just debts owing by the company. (1 R. S. [5th ed.], 909, § 9, sub. 4; 1 N. Y. Stat. at Large, 363, § 9, sub. 4; Laws of 1851, chap. 176, as amended by chap. 536, of the Laws of 1857; 3 N. Y. Stat. at Large, 374, § 6.) These provisions of the statute apply to corporations the same as individuals, by the express provisions of the statute. (Laws of 1857, chap. 536, § 3; 3 N. Y. Stat. at Large, 374, § 3; 21 N. Y., 460; 38 id., 89; *The People ex rel. Glens Falls Ins. Co. v. Ferguson et al., Assessors,* 38 id., 8, 9.)

*A. Coburn*, for the respondent.   The relator is liable to be assessed upon its capital stock and its surplus profits or reserved funds, after the proper deductions are made, as upon so much personal property, and without regard to any indebtedness existing against it.   (See 1 N. Y. Stat. at Large, 360, § 3; 363, § 8; 365, § 19; 374, § 1; and 375, § 6; *Mohawk and Hudson R. R. Co.* v. *Clute,* 1 Paige, 384, 385; *Utica Cot. Mfg. Co.* v. *Supervisors of Oneida,* 1 Barb. Ch., 432, 445–447; *Albany and Sch. R. R. Co.* v. *Osborn,* 12 Barb., 223, 226; *People* v. *Coml. Ins. Co.,* 18 Wend., 605; *People* v. *Assessors of Brooklyn,* 39 N. Y. [12 Tiff.], 81; Thompson's Manual, 138, 139; *People* v. *Comrs. of Taxes,* 23 N. Y., 192; *Oswego Starch Co.* v. *Dolloway,* 21 id., 449; *People* v. *Suprs. of N. Y.,* 18 Wend., 605.)

E. DARWIN SMITH, J.:

The return to the *certiorari* shows that the assessment complained of was completed by the assessors, and the roll, duly verified

558    PEOPLE ex rel. U. & B. R. R. R. CO. *v.* SHIELDS.

FOURTH DEPARTMENT, JANUARY TERM, 1876.

by them, filed in the office of the clerk of the city of Utica on the seventeenth day of August last, as required by the provisions of the charter of said city.    That the Common Council of said City caused the taxes to be collected in said city to be inserted in copies of said roll, and adopted and approved the same, by resolution, in due form, on the twenty-first day of August, and directed the same to be placed in the hands of the city treasurer for collection, and the same was so duly placed in his hands, for collection, on the twenty-ninth day of August following

The writ of *certiorari* appears to have been allowed on the first day of September afterward, and, I presume, was immediately served.    It arrested the tax roll in the hands of the city treasurer, who was, therefore, a necessary party to return such record, and stay the collection of the tax.

The assessors of the city of Utica were, also, necessary or proper parties, that the proceedings of the assessors in making the assessment roll, and of the common council in confirming it, and making therefrom the tax roll, might be duly returned with the said writ. The collector was unnecessarily made a party.    (*The People ex rel. Davis* v. *Hill and others,* 65 Barb., 170.)

But, upon the merits, we think the assessors committed no error. The relators were liable to be assessed for personal property, at the actual value of their capital stock, and taxed therefor in the same manner as other personal property, within the provisions of the act of 1857, chapter 456, 3 Sess. L., 2.    (*The People* v. *The Assessors of Brooklyn,* 39 N. Y., 81; *Same* v. *Ferguson,* 38 id., 89; *Oswego Starch Factory* v. *Dolloway,* 21 id., 449.)

If the relators had furnished to the assessors the statement showing the real estate owned by them, the amount of their capital stock, and the amount paid in and secured to be paid, excepting the sums paid for real estate and other matters, as required by section 2 of title 4, chapter 13 of part 3 of the Revised Statutes (*vide* 1 Stat. at L., 374), it would have been the duty of the assessors to have adopted the *data* or facts embraced in such statement, and followed the direction of section 6 of said statute in determining the value of the capital stock of said relators liable to taxation.    But, by reason of the neglect of the relators to comply with said statutes, the assessors had no *data* to follow in making such

PEOPLE ex rel. U. & B. R. R. R. CO. v. SHIELDS. 559

Fourth Department, January Term, 1876.

assessment, and were entitled, as they were bound, to exercise their judgment on the best information they could obtain on the subject.

The affidavit presented to the assessors, showing the amount of the indebtedness of the company, was, doubtless, made and presented upon the assumption that said company was only liable to be assessed and taxed for its personal property upon the same basis with individuals, and was entitled to a deduction from such assessment, for the amount of its indebtedness, upon the same principle. This, we think, was a mistake. The affidavit showing the indebtedness of the company did not show, or tend to show, the value of its capital stock. Such indebtedness may have been incurred in the purchase of property, which largely increased its business and the actual value of its stock. This affidavit may have been true, and yet the capital stock of said company be worth much above par in the market; and the affidavit shows that the company had personal property largely in excess of the amount of the assessment.

The writ, we think, should be dismissed, with costs.

Gilbert, J. :

We think the assessors acted in accordance with their duty, when they refused to yield to the demand of the relator. That part of the capital stock of a railroad corporation which is not invested in its real estate, or its road, is liable to taxation as personal property. (1 Edm. Stat., 362, § 6; id., 360; 3 id., 374; 1 id., 375, § 6, sub. 1; id., 378, § 28.) The counsel for the relator, we think, is mistaken in supposing that the provision of the Revised Statutes, prescribing the manner in which the assessors shall prepare the assessment rolls (1 Edm. Stat., 363, § 9) affects the rule of taxation applicable to corporations. (Mohawk and Hud. R. R. Co. v. Clute, 4 Paige, 384; People ex rel. Citizens Gas Co. v. Assessors, 39 N. Y., 81; People v. Com., 23 id., 192; Thomp. Man., 138.)

As the return does not show that the capital stock, uninvested as the statute prescribes, did not exceed the sum assessed against the relator, no legal error appears which would warrant us in ordering the tax against the relator, of which he complains, to be stricken from the assessment roll. A mistake of the assessors in the form of

the assessment is not enough.    There must be a substantial error, before the court can interfere with the tax.

The proceeding returned must be affirmed, with costs.

Present — Mullin, P. J., Smith and Gilbert, JJ.

*Certiorari* dismissed, with costs.