Harris v. Morange.

# New York Marine Court.

*General Term—May*, 1876.

## JAMES HARRIS *against* HENRY H. MORANGE.

The proposed case and amendments upon appeal must be settled by the judge who tried the cause, notwithstanding the fact that after the trial and before the required settlement, the judge's term of office had expired.

McADAM, J.—The dispute as to what occurred upon the trial can be settled only by Judge GROSS, who tried the cause, and the duty devolves upon him, notwithstanding the fact that his term of office has expired. When settled, the case may be filed upon his *fiat*, under supreme court rule 44. The power possessed by the outgoing judge is analogous to that exercised by a referee after the trial of the issues in an action. Although he be *functus officio*, so far as any new judicial action is concerned, the power, and with it the duty, of certifying to what occurred upon the trial before him remains. The settlement of a case upon appeal, like the making of a return upon certiorari, is in the nature of a ministerial, rather than a judicial act, and the subsequent expiration of the official term of the justice neither excuses nor prevents its performance.

The principle here involved was presented to the supreme court at the Chenango general term in Harris v. Whitney (6 *How. Pr.* 175), in respect to a certiorari, and it was there decided that a return to such a writ, made by judges after the expiration of their term of office, was valid.

In People v. Peabody (6 *Abb. Pr.* 228), it was held that an officer to whom a writ of certiorari is addressed is not incapacitated from making a return, because his term of office has expired. The supreme court of Massachusetts, in Welch v. Joy (13 *Pick.* 477), held that at common law a public officer may, after the expiration of his term of office, make a valid return of official acts performed by him while in power.

Conover v. Devlin (15 *How. Pr.* 472), is to the same effect.

The application of the rule decided in the preceding cases requires that the order referring it to a referee to settle the proposed case and amendments upon the appeal, be reversed, and that the same be submitted for settlement to Justice GROSS, in the same manner as if his term of office had not expired, he having full power for that purpose.

Ordered accordingly.

SHEA, Ch. J., and ALKER, J., concurred.