MANUFACTURERS' LAND AND IMPROVEMENT COMPANY, PROSECUTOR, v. THE CITY OF CAMDEN ET AL.

Submitted March 19, 1909—Decided June 7, 1909.

1. A writ of *certiorari* directed to several officers or bodies having no joint or common duties, and who act independently of each other should not be allowed, but there should be separate writs running to each to bring up the particular matters with which each respectively is concerned.
2. No binding custom can be said to exist which is grounded upon an unconstitutional foundation.
3. Under an ordinance judicial in its character, and objectionable because passed without notice to those to be affected thereby, work was commenced and completed without objection on the part of the prosecutors although they knew of such work and of the publication of the ordinance and thereby, by its recitals, were informed that the proceeding was under a law authorizing an assessment for benefits against their property. The prosecutors waited until the public had entered into a contract pursuant to such ordinance and until the completion of the work under such contract. *Held,* that it must be deemed that the prose-

cutors had legal information that an assessment would be levied upon their property and it was then too late to object to the ordinance on the ground of lack of notice after the completion of the work.

On *certiorari.*

Before Justices GARRISON, BERGEN and VOORHEES.

For the prosecutor, *Herbert A. Drake* and *James E. Hays.*

For the defendants, *Edwin G. C. Bleakly.*

The opinion of the court was delivered by

VOORHEES, J. This writ of *certiorari* is directed to the city of Camden, to the clerk of that city and to the clerk of the Court of Common Pleas of Camden county. The prosecutor is the Manufacturers' Land and Improvement Company. The writ removes, *first,* five certain assessments aggregating $4,108.20 against its lands on Broadway in the city of Camden; *secondly,* it removes the report of said assessment made by commissioners appointed by the Court of Common Pleas of said county on the 17th day of January, 1908, to estimate and assess the benefits of repaving said street; *thirdly,* it removes the application for the appointment of the commissioners and the order appointing them and the previous reports made by commissioners filed March 2d and April 3d, 1908; *fourthly,* it removes an ordinance directing the improvement of Broadway by paving with sheet asphaltum and Belgian blocks on a concrete foundation, approved March 28th, 1907, and *fifthly,* it removes another ordinance amending an ordinance to improve Broadway by paving with sheet asphaltum and Belgian blocks, approved March 28th, 1907, which last-mentioned ordinance was passed July 25th, 1907.

It is insisted that the writ should be dismissed because it was directed to the county clerk having the custody of the assessment proceedings, and to the city clerk, who has the

record of the ordinances, and because it takes up two totally different records.

The better opinion is that a writ of *certiorari* directed to several officers or bodies having no joint or common duties, and who act independently of each other, should not be allowed, but that separate writs must run to each to bring up the particular matters with which each respectively is concerned. *Starr* v. *Trustees of Rochester,* 6 *Wend.* 564; *People* v. *Hill,* 65 *Barb.* 170; *Corwin* v. *Walter,* 68 *N. Y.* 403; *Quinchard* v. *Trustees,* 113 *Cal.* 644; 6 *Cyc.* 797.

Strict practice, therefore, would lead to a dismissal of the writ, but as the merits of the case have been gone into at length, and much testimony has been taken, the court has considered the whole case.

We pass, then, to a consideration of the case on its merits. It is in proof on the part of the prosecutor that the street in question under the provisions of the charter of the city of Camden of 1871 (*Pamph. L., p.* 210, and 1872, *p.* 593) was paved with macadam pavement about the year 1879, and the entire cost was assessed upon the abutting property owners; that under those provisions a custom was established by which the whole cost of street improvements without reference to benefits was in the beginning imposed upon the abutting owners, and thereafter the city assumed the charge and care and repair of the street pavement, and thereafter the abutting owners on the street became immune; that the prosecutors in 1879 entered into a contract with the city by which it paved with macadam pavement the entire roadway on both sides of Broadway and the prosecutors paid the entire expense, amounting to $15,180.20, aside from the cost of paving the intersections of the streets, and those parts lying in front of the properties of other owners; that this street was accepted by the city and the repairing and repaving were assumed by the city of Camden shortly after 1879. In 1906 an ordinance was passed providing for the appointment of a board of commissioners of assessment. In 1898 (*Pamph. L., ch.* 24, *p.* 43) an act providing for repaving at the expense of the city was

passed, and numerous streets were repaved in the city of Camden.

*Jelliff* v. *Newark,* 19 *Vroom* 101, holds that where a street has been paved and the abutting owners assessed for the benefits, it may be repaved and another assessment levied for such further improvement. The power to improve is a continuing one. *Dill. Mun. Corp.* (*4th ed.*) 959.

The assessment of the entire cost upon abutting property owners would be in violation of the constitution. *Agens* v. *Newark,* 8 *Vroom* 415. Hence no binding custom can be said to exist which is grounded upon such unconstitutional foundation, nor will the voluntary payment by abutting owners of the whole cost of paving secure them by that means protection from a further assessment. There being no constitutional way of enforcing the entire cost upon the abutting property owners in the first instance, a payment therefore would be voluntary, hence immunity from future assessments for further improvements subsequently done could not by such payment be constitutionally purchased. *Malus usus est abolendus.*

The history of legal municipal paving in Camden is quite fully set forth by Mr. Justice Collins in *Borton* v. *Camden,* 36 *Vroom* 511. It was there held that the charter of Camden, wherein it imposed the entire cost of street paving upon abutting property, was unconstitutional; that no statutory constitutional method was in force in that city until 1876 (*Gen. Stat., p.* 681), but even that statute remained inoperative until 1886, for there was in Camden no legal authority to make assessments for street and sewer improvements until the defect was supplied and a board of commissioners of assessments was authorized by an act approved April 12th, 1886. *Gen. Stat., p.* 574, ¶ 563.

In 1898 two acts were passed, one entitled "An act providing for the repavement of paved streets in cities and for the issuance of bonds." *Pamph. L.* 1898, *p.* 43. It enacts that the proceeds of bonds to be issued thereunder shall be used in the payment of the costs and expenses incurred in the repavement of any paved streets which the city shall thereafter

decide to so repave out of said fund. The other act is entitled "An act to authorize the improvement of streets and highways in cities, &c., and to provide for the payment of the expense of the same." *Pamph. L.* 1898, *p.* 466.

It is insisted by the prosecutor that the assessment under review being for repaving should be set aside because the work should have been done under the former of these acts, and also for the further reason that other streets in the city had been repaved under that act. Nothing is said in the latter of the two acts that it shall be confined to the improvement of an unpaved street, nor does it appear that the whole cost and expense incurred in repaving under the former act should be paid out of the bond issue, or that it would exclude the assessment of benefits upon the abutting property owners. The improvements of the streets to be paid for by the bonds may well be construed to apply to the proportion of the cost thereof falling upon the city at large. If the two acts stand together they would seem equally available to the city, and the determination by the council under which act it would proceed would seem to be final. Be that as it may, however, the contention of the prosecutor that because certain streets are being repaved under the former act wholly at the expense of the city, the assessment under review levied under the later act must be wrong. If there be authority in law for the repavement of the street in question and for an assessment of the benefits upon the abutting property owners, then the prosecutor cannot allege that the proceeding is invalid merely because other streets are paved under other authority, be that other authority legal or illegal.

The prosecutor also contends that the cost of the old pavement borne entirely by it should be set off against the benefits assessed against it for the new pavement under the authority of *Bayonne* v. *Morris,* 32 *Vroom* 127. That case does not seem applicable to the present facts. Here the old pavement had been voluntarily paid for, and in such case no claim for return of money so paid could be enforced.

The further point is made that the act of 1898, chapter 200,

page 466, is unconstitutional, because it provides a special local tribunal in the appointment of commissioners to assess the expense. The act is a general act and provides a general scheme complete in itself and is not private, local or special, and therefore does not appoint local officers or commissions to regulate municipal affairs in violation of the constitution. The act is not objectionable in this particular.

But it is said that no notice of the passage of the ordinances was given, and, being judicial in their nature, are void without such notice as against persons to be assessed thereunder. This is undoubtedly so as a general principle. These ordinances were passed in March and July, 1907. The work was commenced and completed without any objection on the part of the prosecutors, although they knew of such work. The prosecutors admit that they saw the publication of these ordinances. The ordinances refer to the act of 1898, page 466, and recite that the paving is to be done under it. In *Durrell* v. *Woodbury,* 45 *Vroom* 206, this court held that the act made it mandatory upon the city council to proceed to have benefits assessed, the authority for which resided in the acts itself and not in the ordinances. It must be deemed, therefore, that they had legal information that an assessment would be levied upon their property. It is too late now to object to the ordinances on this ground. As was said in *Read* v. *Atlantic City,* 20 *Id.* 562, it is settled that when proceedings of a municipal corporation have resulted in the expenditure of public money, objection, even when founded on lack of authority, must be made promptly. This principle was enforced in *Borton* v. *Camden, supra,* and in *Durrell* v. *Woodbury, supra,* where the cases are cited. The contract for the work was duly awarded and the work has been done. This objection, therefore, comes too late.

There was testimony adduced that no benefit resulted from the assessment and that the assessments were excessive. These objections were made to the Court of Common Pleas. The report of the commissioners recited that the assessments made were for benefits equal in amount to the amount of benefits

actually acquired by the lands and in no case had any property been assessed beyond the amount of benefit actually derived from the paving. This report was referred back to the commissioners twice for revision, and should not now be disturbed. The report was confirmed December 18th, 1908, after notice to appear and make objection had been given, according to law. This finding should not be now disturbed upon the conflicting evidence, or where the same is not clear and convincing. *Kirtland* v. *Parker,* 47 *Vroom* 217.

The merits of the case showing no reasons to disturb the assessment, the writ should be dismissed because embracing two objects not necessarily connected, and for laches.