WILLIAMS vs. THE TOWN OF YORKVILLE, imp.

*November 26 — December 11, 1883.*

*Pleading — Drainage law — Liability of town for acts of supervisors.*

The complaint in an action to enjoin a threatened entry upon plaintiff's land and construction of a ditch thereon, is *held* not to show that certain defendants, who are described as "the supervisors of the town of Y.," are acting in an official capacity in what they propose to do. It fails, therefore, to state a cause of action against the town. [LYON and ORTON, JJ., are of the opinion that the complaint charges that the supervisors are acting under the drainage law (R. S., ch. 54), and, therefore, as public or governmental officers in the exercise of a police power conferred by statute, and not on behalf of the town.]

APPEAL from the Circuit Court for *Racine* County.

Action to enjoin the defendants from entering upon the land of the plaintiff and from constructing a ditch thereon. The complaint alleges that the defendant, the *Town of Yorkville*, is a municipal corporation within the county of Racine, and "that the defendants A. B. Hayes, O. L. Crabb,

and Henry C. Williams are . . . the duly elected and qualified supervisors of said *Town of Yorkville*, in Racine county, and claim to act as such." Other allegations of the complaint will sufficiently appear from the opinion. The defendant, the *Town of Yorkville*, demurred to the complaint separately on the ground that it did not state a cause of action against the town. From an order sustaining such demurrer the plaintiff appealed.

*W. C. Williams*, for the appellant.

For the respondent, the cause was submitted on briefs signed by *H. A. Cooper*, as attorney, with *Quarles & Winslow*, of counsel, and by *J. B. Winslow*, of counsel. They argued, *inter alia*, that the complaint charges a contemplated lawless trespass, which, if done by the supervisors, is simply their individual wrong with which the town is in no way connected. *Uren v. Walsh*, 57 Wis., 98

COLE, C. J. In the case of *Donnelly v. Decker*, 58 Wis., 461, the question of the constitutionality of several provisions of ch. 54, R. S.—known as the drainage law—was considered, and their validity was sustained. The case, however, did not call for a decision of the question whether the supervisors, in exercising the authority conferred upon them by this statute, acted as town officers, strictly speaking, so as to render the town responsible for their acts performed in good faith with an honest view to secure for the public some benefit or advantage. In support of the demurrer to the complaint, which was filed by the town, the point is made that the supervisors act as agents of the state in laying out and constructing a drain or ditch, and do not in any proper sense represent the town in the matter. If, in the discharge of those duties, the supervisors do truly act for the state, or independently of the town, then it is obvious the town, under no circumstances, can be made liable for their acts. But whether that position is correct or not we shall

not attempt to decide; for, according to the view which the majority of the court take of the allegations of the complaint, that question does not arise, because it does not appear that the co-defendants of the town were proceeding under ch. 54, as town supervisors, in opening the ditch or drain which is described therein.

The complaint, among other things, in effect charges that the defendants, wrongfully and unlawfully intending to injure the plaintiff in the use and enjoyment of his property, and to wrongfully take from him a considerable portion of his land, threaten to construct the ditch in question; that the construction of such ditch upon and across his lands will injure and destroy his crops, produce great and irreparable loss and damage; that the construction of the proposed ditch upon his lands is not necessary for any public purpose whatever, nor can it be used for any public use; that " the laying out of any such ditch or drain is not demanded by, nor will the same in any way conduce to, the public health or welfare." It is also alleged that the defendants threaten and are about to proceed with the excavation and construction of said ditch, solely for the purpose of benefiting the defendant A. B. Hayes individually, and to increase the value of the lands owned by him at the expense of the plaintiff and others, and also to benefit one or two others in like manner personally, and to promote their individual and private advantage, and for no other purpose; that all the acts and proceedings of the defendants, or either of them, in relation thereto, and in attempting to open or lay out any such ditch or drain, are illegal, unwarranted, and without any authority or color of right, and in wilful and persistent violation of the rights of the plaintiff, and of his peaceable possession and enjoyment of his land.

These are the more material allegations of the complaint. In the opinion of the majority they fail to show that the defendants who are described in the title of the action as

"supervisors of the town of Yorkville," are acting in an official capacity in what they propose to do. If they are not, then certainly the town can in no way be held responsible for their wrongful acts. We must assume that they will have no authority or color of right to justify their proposed action, and if they execute their design they will be committing a simple trespass.

In that view the demurrer of the town that the complaint did not state facts sufficient to constitute a cause of action against it, was properly sustained.

*By the Court.*— The order of the circuit court is affirmed.

LYON, J. I am inclined to think that the complaint should be construed as charging that, in their proceedings respecting the ditch or drain, the supervisors were acting under the drainage law. Ch. 54, R. S. I concur in the judgment, however, on the ground that the supervisors were not acting for and on behalf of the town, but rather as public or governmental officers or agents, in the exercise of a police power (*Donnelly v. Decker*, 58 Wis., 461), conferred upon them by statute, in the exercise of which power the town has no concern, and for which it is not responsible. I think, therefore, that the case is within the rule of *Hayes v. Oshkosh*, 33 Wis., 314; *Schultz v. Milwaukee*, 49 Wis., 254; *Little v. Madison*, 49 Wis., 605; and *Durkee v. Kenosha, post*, p. 123; and for that reason I think the demurrer of the town to the complaint was properly sustained.

ORTON, J., concurs in the views of Mr. Justice LYON.