The State ex rel. Tibbits vs. The City of Milwaukee and another.

---

THE STATE EX REL. TIBBITS, Appellant, vs. THE CITY OF MILWAUKEE and another, Respondents.

*November 7 — November 28, 1893.*

*Certiorari: To whom directed: Cities.*

1. Where the common council of a city is a continuing body and has the control of all its records, while the city clerk having the custody thereof is a mere ministerial officer, a writ of *certiorari* to review proceedings of the council should be directed to that body, and not to the clerk or to the city itself.
2. Where a writ of *certiorari* has been misdirected it may be superseded before, as well as after, its return.

APPEAL from the Circuit Court for *Milwaukee* County.

A writ of *certiorari* was allowed and sued out of the circuit court for Milwaukee county, on the relation of *George M. Tibbits*, to review and reverse and set aside, for alleged illegality, certain proceedings of the common council of the city of *Milwaukee*, in opening, widening, and extending Kane place from Prospect avenue to Summit avenue, in the Eighteenth ward in said city, and confirming the report of damages for property taken for that purpose, and the assessment of benefits upon property alleged to be benefited thereby. The relator was the owner of certain lots assessed for such benefits. The writ was directed to "*The City of Milwaukee* and *George R. Mahoney*, as city clerk," etc., and was superseded and vacated by the circuit court because it was not directed to the proper party. From an order to that effect, the relator appealed.

*David S. Ordway,* for the appellant, to the point that the writ was directed to the proper parties, cited *Milwaukee Iron Co. v. Schubel,* 29 Wis. 444; *State ex rel. Manitowoc v. County Clerk,* 59 id. 15; *State ex rel. Smith v. Cooper,* id. 666; *Moore v. S. & St. C. R. Co.* 34 id. 173; *Wilson v. Heller,* 32 id. 457–466; *State ex rel. Flint v. Fond du Lac,* 42 id. 294–5; *People ex rel. Muir v. Throop,* 12 Wend. 183.

For the respondents there was a brief by *Conrad Krez,* city attorney, and *V. W. Seely,* assistant city attorney, and oral argument by *Mr. Krez.*

PINNEY, J.   The circuit court could not review the proceedings mentioned in the writ in this case, for the reason that it was not directed to the body or board whose acts were sought to be questioned and reviewed by it.   By sec. 1, ch. 4, of the city charter of *Milwaukee* (Laws of 1874, ch. 184), it is provided that "the municipal government of the city shall be vested in the mayor and common council," and the common council is a continuing body (sec. 2, ch. 4, of the charter) and has the control of all its records and papers, while the city clerk has the custody thereof and of the corporate seal and is a mere ministerial officer, without any judicial or *quasi* judicial power.   It is a general rule that the writ of *certiorari* cannot go to a mere ministerial officer, save in exceptional cases, as where the body or board whose acts are sought to be reviewed is not a continuing one, or has ceased to exist, and such ministerial officer has the proper custody of the record or proceeding sought to be reviewed.   Such was the case of *Milwaukee Iron Co. v. Schubel,* 29 Wis. 444, explained in *State ex rel. Flint v. Common Council,* 42 Wis. 287, 294.   The latter was a case identical with this in respect to the direction of the writ, and conclusively shows that in this case the writ should have been directed to the common council, and not to the city clerk.   The fact that the writ

is directed also to the city as a corporate body will not obviate the objection. The city in its corporate capacity has no judicial or *quasi* judicial power in the premises, and for that reason the writ should not have been directed to it. The error of directing such a writ to the corporation in street cases was noticed and held fatal in *Bogert v. Mayor*, 7 Cow. 158; *In re Mt. Morris Square*, 2 Hill, 14. The authorities are very numerous to the effect that, where the acts of a corporate board or of corporate officers are the proper subject of review by writ of *certiorari*, the writ must be directed to such board or officers, and not to the corporation. 5 Wait, Pr. 471; Mechem, Pub. Off. §§ 1001, 1007, and cases cited; *In re Mt. Morris Square*, 2 Hill, 14.

Where the writ has been misdirected, it may be superseded before its return, as well as after. *Ball v. Warren*, 16 How. Pr. 379; *Saratoga & W. R. Co. v. McCoy*, 5 How. Pr. 378; *Ferguson v. Jones*, 12 Wend. 241. And if it has been returned the court may order it quashed or vacated. Tidd, Pr. 403; 5 Wait, Pr. 474, 475. The circuit court properly vacated the writ.

*By the Court.*— The order of the circuit court is affirmed.