The State ex rel. Ennis vs. The City of Janesville and others.

The State ex rel. Ennis, Appellant, vs. The City of Janesville and others, Respondents.

*March 12 — April 3, 1895.*

*Excise laws: Special election to fix license fees: Form of ballots: Notice: Certiorari.*

1. The provision in sec. 1548b, S. & B. Ann. Stats., as to the form of ballots to be used in special elections to determine the amount to be paid for liquor licenses, was not repealed or modified by ch. 288, Laws of 1893, relating to general elections for officers.

2. Separate ballots for each of the different sums which might be fixed, and having such sums printed thereon respectively, following the words "To be paid for license," were in conformity with said sec. 1548b, which provides that the ballots "shall have written or printed thereon the words 'To be paid for license $——,' and shall have written or printed thereon in words or figures the sum to be paid for such license, according to the will of the person voting," etc.

3. It being provided that notice of such special election shall be given in the manner provided for giving notice of general elections, the notice is to be given in the manner provided in secs. 9–11, ch. 288, Laws of 1893. Secs. 26, 27 of that act, providing for publication of the nominations to office, have no application.

4. Upon *certiorari* to review the proceedings of such an election, no irregularity being affirmatively shown, the writ was properly quashed.

APPEAL from a judgment of the circuit court for Rock county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

*Certiorari* to the city of *Janesville*, its mayor and common council, to review the proceedings of a special election at which the electors determined the amount to be paid in the city of *Janesville* for a license to sell intoxicating liquors to be drunk on the premises. The relation questions the validity of the election on two grounds: (1) That the election was not notified according to law; and (2) that the ballots provided and voted were not lawful ballots. It is alleged that the notice of the election was published in only two of the three daily papers published in *Janesville*, whereas it is

claimed the law requires it to be published in all the daily papers published in the city; and that the ballots provided and used were separate ballots, each having printed upon it the figures designating the sum to be paid for the license, as on some were the figures $200, on others $350, and on still others $500, whereas it is claimed all these figures should should have been upon one ballot. The largest number of ballots was in favor of the highest figure.

The respondents demurred to the relation. There was judgment sustaining the demurrer and quashing the writ, from which the relator appeals.

The cause was submitted for the appellant on the brief of *J. L. Mahoney* and *Edward M. Hyzer*, and for the respondents on that of *H. McElroy*.

Counsel for the appellant contended, *inter alia*, that neither the form of ballot prescribed by sec. 1548*b*, S. & B. Ann. Stats. ("To be paid for license, $———"), nor the indorsed ballot of the Australian system, with the different sums printed upon one ballot, was used, but a combination of the two. Separate ballots were printed for each amount to be voted for, and upon the backs thereof were printed blanks for the indorsement of the ballot clerks; and they were given out by the city to the ballot clerks at each polling place. When a voter came to the polls he was either asked by the ballot clerk what ticket he wanted, or he was given the entire set of three and required by the clerk to return the two not used. The result was not only confusion, but an absolute destruction and prevention of the secrecy of the ballot. Either the voter was compelled to announce his intention in order to get a ticket, or he was given three and required to return the two not used, thus declaring with equal distinctness what ticket he had voted. If the election is so conducted that the secrecy of the ballot is prevented, it is unlawful and the election void. *State ex rel. Briesen v. Barden*, 77 Wis. 601.

The State ex rel. Ennis vs. The City of Janesville and others.

NEWMAN, J.  The special election is to be held valid in this action if it does not affirmatively appear that it was not notified as provided by sec. 3, ch. 296, Laws of 1885 (sec. 1548b, S. & B. Ann. Stats.), or if it does not affirmatively appear that the ballots used were not such as are directed by that section.  This is not a law relating to general elections, and elections under it are not governed by laws relating to general elections, any further than is provided by that statute itself.  Elections under it are to be governed by its own special provisions.  If such special provisions are complied with, the election is valid.  That the form of ballots used was strictly in conformity to the form directed by the statute is clear.  It also seems clear that it was not intended to repeal or modify this provision by ch. 288, Laws of 1893.  That chapter provides industriously how persons may be elected to offices, and how elections for that purpose shall be notified, held, conducted, and the form of ballots which must be used, but its provisions are entirely silent as to the form of ballot to be used in an election upon any other matter.  The law under which the election in question was held is in no respect inconsistent with its provisions; nor is it named among the acts expressly repealed by sec. 127.

Sec. 3, ch. 296, Laws of 1885, makes it the duty of the city clerk, whenever a request is made to him in writing, signed by at least twelve qualified voters of the city, asking for a special election to be held for the purpose of determining the amount to be paid for a license to sell intoxicating liquors to be drunk on the premises, "to forthwith give notice of a special election for that purpose, in the manner provided for giving notice of general elections."  How notice of general elections is to be given is provided by ch. 288, Laws of 1893.  It is the latest revision of the laws relating to general elections.  It makes provision, in detail, of the "manner" in which notice shall be given.  It may fairly be

assumed that it comprises all the laws now in force relating to the subject. *State v. Campbell,* 44 Wis. 529, and cases cited. Secs. 9, 10, and 11 provide in detail how and what notice shall be given. The county clerk must publish in one newspaper within the county, and transmit copies to the officers named. The officers to whom copies are transmitted must post copies within their territory. Nothing is said about publishing in a newspaper within a city. It will readily be seen that secs. 26 and 27 relate to a different matter. They require the publication by the county clerk of " the nominations to office certified to him under the provisions of this act." And in the provision in sec. 26 relating to municipal elections it is " such publication" as is before mentioned in the same section, that is, the "nominations certified," which is to be made "in all the newspapers published in the city." It is abundantly obvious that those provisions can have no application to an election under ch. 296, Laws of 1885.

It does not appear whether the notice required by law was in fact given. Doubtless the presumption is, in the absence of proof in the record to the contrary, that the required notice was given and that the election was regular and valid. *State ex rel. Manitowoc v. County Clerk,* 59 Wis. 15. Where irregularity does not affirmatively appear, it is proper to quash the writ. *Hauser v. State,* 33 Wis. 678; *State ex rel. Cameron v. Roberts,* 87 Wis. 292.

*By the Court.*— The judgment of the circuit court is affirmed.