State ex rel. Ollinger and others vs. Town of Manitowoc and another.

THE STATE EX REL. OLLINGER and others, Respondent, vs. TOWN OF MANITOWOC and another, imp., Appellants.

*February 20 — March 10, 1896.*

*County board: Change of town boundaries: Certiorari: Misdirection of writ: Jurisdiction: Return by county clerk: Parties: Voluntary appearance: Judgment.*

1. A writ of *certiorari* to review the action of the county board of supervisors in annexing to one town a part of the territory of another should be directed to the board and not to the county clerk, and the return thereto should not be made by the clerk but by the supervisors themselves or a majority of them.

2. No jurisdiction of the board or of the subject matter in such a case is acquired by a writ directed to the county clerk or by his return thereto.

3. Neither the county nor the towns whose boundaries are affected by said action of the county board have such an interest in the proceeding that their voluntary appearance therein will confer jurisdiction.

4. A judgment in such a proceeding, void for want of jurisdiction because of the misdirection of the writ, is not validated by a subsequent voluntary appearance of the county board.

State ex rel. Ollinger and others vs. Town of Manitowoc and another.

5. Where a writ of *certiorari* was misdirected and the court acquired no jurisdiction, the writ should be quashed, even after a hearing and judgment on the merits. *McNamara v. Spees*, 25 Wis. 539; *Morse v. Spees*, 25 Wis. 543; *Owens v. State*, 27 Wis. 456; and *State ex rel. Dalrymple v. Milwaukee Co.* 58 Wis. 4, distinguished.

APPEAL from a judgment of the circuit court for Sheboygan county: N. S. GILSON, Circuit Judge. *Reversed.*

The city of Manitowoc was incorporated by an act of the legislature of 1870. It was organized of territory which was a part of the town of *Manitowoc*, and extends entirely across the town, so as completely to separate the town into two parts, at a distance of about two miles removed from each other, and not at any point contiguous to each other. That part of the town of *Manitowoc* which lies north of the city comprises about nine full sections of land, and that part south of the city comprises about three and one half sections. About two thirds of the voters of the town reside north of the city, and about one third south of the city. This condition has existed ever since the incorporation of the city, until the 27th day of May, 1893, when the county board of supervisors of *Manitowoc* county, by an ordinance in due form, but without a written petition therefor and without submission of the matter to a vote of the town, declared that part of the town of *Manitowoc* which lies south of the city to be thereby attached to and a part of the town of Newton, which was an adjoining town. On the relation of several residents of the territory so attached to the town of Newton, a writ of *certiorari*, addressed to Joseph Weinfurther, as county clerk of the county of *Manitowoc*, was issued out of the circuit court of *Manitowoc* county, and served upon the county clerk. The county clerk made what was denominated a "return," whereby he certified, in effect, that the proceedings of the board were correctly set forth in the writ of *certiorari* which was returned therewith. The towns of *Manitowoc* and Newton and the county of *Manitowoc*,

upon invitation of the relators' attorneys, intervened in the action, and filed various affidavits. They also moved, upon the records, files, and affidavits, to supersede and to quash the writ. These motions were overruled.

On the 25th day of April, 1895, the court rendered judgment on the merits, reversing the ordinance of the county board of supervisors. That board, up to this time, had not been a party to the action. On June 3, 1895, the district attorney of *Manitowoc* county appeared in the action for the county board of supervisors of *Manitowoc* county, with the consent of the relators, and against the objection of the intervening towns and *Manitowoc* county. The appearance was for the purpose, if possible, of obviating objections to the direction of the writ and having the action finally determined. The district attorney stipulated with the attorneys for the relators to the effect that the county board of supervisors submits to the jurisdiction of the court, and adopts the return made by the county clerk as its return. The town and county of *Manitowoc*, only, appeal.

For the appellant *Town of Manitowoc* there was a brief by *G. G. & C. H. Sedgwick;* for the appellant *Manitowoc County* there was a brief by *G. G. Sedgwick;* and the cause was argued orally by *C. E. Estabrook.*

For the relators the cause was submitted on the brief of *Nash & Nash.*

NEWMAN, J. In enacting the ordinance in question, the county board was acting in a political and governmental function, in the interest of the public, and not in the interest or for the county in its private or corporate capacity. The writ of *certiorari*, upon which it should be sought to review its action, should be directed to the officers or board whose act it was sought to review, whenever that is a permanent body and has control of its own records. And this is true even where a clerk has custody of the records as the

State ex rel. Ollinger and others vs. Town of Manitowoc and another.

mere agent of the corporation. The writ, in that case, should not be directed to the clerk, but to the board or body. If misdirected, the writ must be superseded or quashed. The court acquires no jurisdiction by it. *State ex rel. Flint v. Fond du Lac*, 42 Wis. 287; *State ex rel. Dalrymple v. Milwaukee Co.* 58 Wis. 4; *State ex rel. Tibbits v. Milwaukee*, 86 Wis. 376; *Ex parte Mayor, etc. of Albany*, 23 Wend. 277; *People ex rel. Huntting v. Highway Comm'rs*, 30 N. Y. 72; *Roberts v. Highway Comm'rs*, 24 Mich. 182. The writ in this case was misdirected. It should have been directed to the county board of supervisors of *Manitowoc* county, and not to the county clerk. The appearance of the county clerk in the action, and his attempt to make a return to the writ, was futile to give jurisdiction of the board of supervisors, or of the case. The return is a nullity, and confers no jurisdiction, either of the person or of the subject matter. *People ex rel. Huntting v. Highway Comm'rs, supra.* Until the proper defendant is before the court, the court can have no jurisdiction of the subject matter. This can only be acquired by a proper writ, and a return made by the proper officer or board. The writ in this case should have been directed to the board of supervisors, and the return should have been made by the supervisors themselves, or a majority of them. *Plymouth v. County Comm'rs*, 16 Gray, 341. Nor is a return, signed only by an attorney for the board, sufficient. *Tewksbury v. County Comm'rs*, 117 Mass. 563; *Worcester & N. R. Co. v. Railroad Comm'rs*, 118 Mass. 561; *Chase v. Board of Aldermen*, 119 Mass. 556. So, neither the board of supervisors nor the subject matter, the ordinance, was before the court.

It is said to be proper, in some cases involving private rights, to join as defendants persons having an interest adverse to the relator. However that may be, and whether it is applicable to cases involving only questions of public right, it is difficult to see how either of the towns of Newton or

*Manitowoc* or *Manitowoc* county have any interest, in their private or corporate capacity, in this matter. Residents of the territory, or taxpayers, may be said to have an interest; but the corporations, as such, can have no interest. And their voluntary appearance in the action could not, at least in the absence of interest, confer jurisdiction. Nor is it perceived how the attempted appearance of the board of supervisors, after judgment, aids the judgment. It was void when rendered. It was void when the board of supervisors was represented as appearing. The court decided nothing and changed nothing in consequence or on the strength of that appearance. It is difficult to apprehend how the mere voluntary appearance by the board of supervisors, and its informal adoption of this nullity, could impart to it life and energy. This was held doubtful in *People ex rel. Huntting v. Highway Comm'rs*, 30 N. Y. 72, although the proper defendants appeared before judgment and litigated. This does not question the effect of an appearance by a natural person in his own right, after judgment, in an ordinary action.

This case is not affected by those cases which hold that the writ should not be quashed, nor the action dismissed, after a hearing on the merits. Those are none of them cases of misdirection of the writ. They were all cases where the writ had been properly issued and returned, but was liable to be quashed for irregularities. *McNamara v. Spees*, 25 Wis. 539; *Morse v. Spees*, 25 Wis. 543; *Owens v. State*, 27 Wis. 456; *State ex rel. Dalrymple v. Milwaukee Co.* 58 Wis. 4. The writ should have been quashed on the motion of the county clerk, the party served as defendant therein.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to quash the writ.