The State ex rel. Clancy and another vs. McGovern and others.

THE STATE EX REL. CLANCY and another, Appellants, vs. McGOVERN and others, Respondents.

*September 24 — October 11, 1898.*

(1) *Villages: Legalizing defective incorporation.* (2–5) Certiorari *to village board: Misdirection of writ: Jurisdiction: Waiver: Motion to quash.*

1. It would seem that the legislature may legalize the incorporation of defectively incorporated villages, and validate the acts of their officers, when no vested right is interfered with.
2. In a proceeding by *certiorari* to review alleged illegal acts of a village board, the writ should be directed to, and served upon, the board whose acts are attacked and not upon the village clerk, unless it appears that such board has ceased to exist.
3. If, in such a case, it appears by the record that the board existed when the action was commenced, the court acquired no jurisdiction to review its proceedings by the issuance of the writ to the clerk; and the lack of jurisdiction cannot be waived by the clerk.
4. A motion to quash a writ of *certiorari* is in effect a demurrer and raises only the question of the legal sufficiency of the facts appearing in the record.
5. A motion to quash a writ of *certiorari* is not too late because made after the return and at a subsequent term of court.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

*Certiorari.* The relators, by their relation filed July 8, 1897, alleged that they owned certain lots in the town site of South Milwaukee, abutting upon the highway called Chicago road, and that on the 11th of February, 1893, *Fred Heidelburg* and five other persons, whose names are given, pretending to act as village trustees of the village under the name of South Milwaukee, made an order vacating a part of said Chicago road pursuant to certain proceedings had before them; that such proceedings were in the custody of the defendant *McGovern*, village clerk of the so-called village of South Milwaukee; and that the same were void for the following reasons: " (1) That the said parties so attempting to act as a village board and as such village clerk were not the officers they claimed to be because the so-called village of South Milwaukee had never been legally incorporated, nor had any legal existence as a village, nor power nor authority to elect trustees nor the said clerk, and the said clerk and trustees had never been elected to or qualified as trustees of a legally incorporated village. (2) That no petition for the vacation of the said highway was presented to and acted upon by the board having authority to act in that behalf; that the notice required by law of the hearing upon an application to vacate said streets was never given. (3) That the order required by law for the vacation of said highway was not made by any duly constituted authority. (4) That the highway so attempted to be vacated was what is known as a government road, and had been in existence for over fifty years as such. (5) That no notice of the application or hearing to vacate said highway was given to your affiants, or either of them."

Upon this relation a writ was issued to *McGovern*, as village clerk of the village of South Milwaukee, and thereafter he made a return, showing that certain proceedings for vacation of a part of the Chicago road were had before the board of trustees of South Milwaukee, which culminated on

the 21st day of February, 1893, in the passage of a resolution vacating a part of said road. The return further showed that since the service of the writ upon him the said village of South Milwaukee had been organized into a city of the fourth class, and no longer existed as a village.

After the return, and at a subsequent term of court, the defendant filed a written motion to quash the writ for three reasons: (1) That before the service of the writ he had ceased to be village clerk, and the said village had ceased to exist; (2) that the relation did not set forth facts sufficient to authorize the issuance of the writ; and (3) that more than two years had elapsed from the time of the vacation of the highway to the time of the application for the writ. Upon the hearing of this motion the relators filed affidavits seeking to excuse the delay in applying for the writ by showing that at the time of the vacation of the highway their property appeared by a plat of South Milwaukee not to abut upon the Chicago road, but that two lots apparently intervened between their property and the said Chicago road, but that they were then engaged in litigation with the owners of said intervening lots, claiming that said lots had been dedicated to the public as a highway and were in fact a part of said Chicago road; and that said litigation did not terminate until the month of January, 1897, when judgment was rendered in favor of the relators, thus establishing their rights as abutters upon said road; and that they brought these *certiorari* proceedings within six months after their rights were so established.

Upon hearing the motion, the court made an order quashing the writ and dismissing the proceedings, from which the relators appeal.

For the appellants there was a brief by *W. J. & J. H. Turner*, and oral argument by *W. J. Turner*.

For the respondents there was a brief by *Quarles, Spence & Quarles*, and oral argument by *T. W. Spence*. They argued,

among other things, that the motion to quash was not made too late. Such a motion can be made at any time before or after return made, or before or after the first term following such return, or even after hearing on the merits. *People ex rel. Church v. Sup'rs of Allegany Co.* 15 Wend. 198; *People ex rel. Agnew v. New York,* 2 Hill, 11; *People ex rel. Onderdonk v. Sup'rs of Queens Co.* 1 id. 200; *People ex rel. Kilmer v. McDonald,* 2 Hun, 70; *State v. Lowery,* 49 N. J. Law, 391; *State ex rel. Dalrymple v. Milwaukee Co.* 58 Wis. 12, 13.

WINSLOW, J. It is quite apparent from the record that the main ground upon which the relators relied to support their claim that the highway in question was never legally vacated was the fact that the village of South Milwaukee had been incorporated by order of the circuit court under the provisions of secs. 854–866, S. & B. Ann. Stats., which provisions were pronounced unconstitutional by this court in the case of *In re North Milwaukee,* 93 Wis. 616, because they attempted to delegate legislative power to the circuit courts. Since that decision, the legislature, by ch. 5, Laws of 1897, has passed an act legalizing the incorporation of all such defectively incorporated villages, and attempting to legalize, ratify, and confirm all the corporate acts of such villages and their officers. The legislature having the exclusive power to create such corporations in the first instance, it is difficult to see why it may not validate defectively incorporated villages, and the acts of their officers, when no vested right is interfered with. *Single v. Marathon Co.* 38 Wis. 363.

There arises, however, at the threshold of this case, an objection which necessitates affirmance of the order quashing the writ, regardless of all questions upon the merits. The action was brought to review the alleged illegal acts of the village board of trustees, and the writ should have been di-

rected to, and served upon, the board whose acts are attacked, and not upon the clerk. This doctrine has been held in a series of decisions in this court. *State ex rel. Ollinger v. Manitowoc*, 92 Wis. 546, and cases cited. In this case it was said: "If misdirected, the writ must be superseded or quashed. The court acquires no jurisdiction by it." In *State ex rel. Tibbits v. Milwaukee*, 86 Wis. 376, where a writ of *certiorari* seeking to review acts of the common council had been directed to the city of Milwaukee and to the city clerk, it was said that the court could not review the proceedings of the council, because the writ was not directed to the body or board whose acts were sought to be reviewed by it; and, further, that the writ cannot go to a mere ministerial officer save in exceptional cases, "as where the body or board whose acts are sought to be reviewed is not a continuing one, or has ceased to exist, and such ministerial officer has proper custody of the record or proceeding." So, in the present case, it appearing by the relation that the proceedings of a village board are sought to be reviewed, it must further appear that such village board has ceased to exist, in order to justify the issuance of a writ to the clerk of the board. Not only is there no allegation of this kind, but the writ is directed to *McGovern* as "village clerk of the village of South Milwaukee, in the county of Milwaukee," thus unequivocally recognizing the existence of the village organization at that time. Furthermore, the respondent states in his return under oath that *since* the service of the writ the said village of South Milwaukee has duly organized as a city, and that the village no longer has any existence. Thus it affirmatively appears, both by the relation and by the return, that the village existed when the action was commenced, and, presumptively, that a village board then existed. If such was the fact, then under the rules laid down in the cases above cited the court acquired no power or jurisdiction to review the proceedings of the board by the issuance of a writ to the clerk.

It may be urged that the clerk has waived this objection by making a motion to quash, based in part upon the ground that before service of the writ the village of South Milwaukee had ceased to exist; but, as the question is one of jurisdiction of the subject matter, such jurisdiction cannot be conferred, nor the absence of it waived, even by consent of the clerk. The existence of the village organization appears by the relation, the writ, and by the return, and this must be held to be conclusive of the fact. The motion to quash is based upon the record and the facts therein shown. It is no part of its office either to add to or subtract from those facts. It is, in effect, a demurrer questioning the legal sufficiency of the facts appearing in the record, and can go no further. *State ex rel. Anderson v. Timme,* 70 Wis. 627.

It was argued that the motion to quash was made too late, but this contention is directly ruled against in *State ex rel. Cameron v. Roberts,* 87 Wis. 292.

We conclude that the writ was properly quashed on the ground stated, if upon no other ground.

*By the Court.—* Order affirmed.

