The State ex rel. Graff and others vs. Everett.

THE STATE EX REL. GRAFF and others, Appellants, vs. EVERETT, Town Clerk, Respondent.

*April 26 — May 16, 1899.*

Certiorari: *Town boards: Service upon clerk: Return: Jurisdiction.*

1. A writ of *certiorari* to review the acts of a board or body, unless it is not a continuing body or has ceased to exist, must go to the board, and, when directed to the legal custodian of its records, does not confer jurisdiction either of the subject matter or of the persons composing the board.
2. The return of a person, not competent to receive service of a writ of *certiorari* and make return, is a nullity.
3. A town board is a permanent body, and when its acts are sought to be reviewed on *certiorari* the writ should be directed to and served on its members as such board.

APPEAL from an order of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Affirmed.*

Appeal from an order quashing a writ of *certiorari* issued on the relation of certain taxpayers of school district No. 3, town of Pewaukee, in said county, seeking to have declared

void proceedings of the town board of such town attempting to establish a new school district therein, known as School District No. 4, partly out of the territory of the relators' district. The writ was directed to and served upon the town clerk, who made return thereto. The relators appealed.

For the appellants there were briefs by *Ryan & Merton*, and oral argument by *E. Merton*.

*C. E. Armin*, for the respondent.

MARSHALL, J. It has been repeatedly held by this court that, except in particular cases of necessity, as where the board or body whose acts are sought to be reviewed is not a continuing body or has ceased to exist, a writ of *certiorari* cannot properly go to a mere ministerial officer because he is the legal custodian of the records showing the facts in regard to the action to be reviewed, but that the writ must go to the board, otherwise the court cannot obtain jurisdiction either of the subject matter or the persons composing such board; and that a return by a person who is not competent to receive service of the writ and make return thereto is a nullity. *State ex rel. Tibbits v. Milwaukee*, 86 Wis. 376; *State ex rel. Ollinger v. Manitowoc*, 92 Wis. 546; *State ex rel. Clancy v. McGovern*, 100 Wis. 666; *State ex rel. Flint v. Common Council of Fond du Lac*, 42 Wis. 287. That rule governs this case. The town board was a permanent body. The writ should have been directed to the members thereof as such board. The issuance of the writ and service of it upon the clerk, and his return thereto, gave the court no jurisdiction and therefore it was properly quashed. If the court had proceeded to dispose of the matter complained of on the merits, the judgment would have been a nullity. *State ex rel. Ollinger v. Manitowoc, supra*.

*By the Court.*— The order appealed from is affirmed.