# CASES DETERMINED

AT THE

# August Term, 1902.

---

THE STATE EX REL. CITY OF AUGUSTA and others, Appellants, vs. LOSBY, Clerk, and others, Respondents.

*April 2—September 23, 1902.*

| 115 | 57 |
| f115 | 67 |
| 115 | 57 |
| 117 | ¹672 |

Certiorari: *Parties: Return: Record: Commission to revise county assessment: Powers.*

1. The writ of *certiorari*, in this state, reaches jurisdictional defects only; it should go to the body or officer controlling the official record of the proceeding sought to be reviewed; it should be responded to by the production of that official record and nothing more; and by that record the validity of the proceeding is to be tested.

2. In the exercise of *quasi* judicial powers by boards, councils, commissions, and *quasi* judicial officers, a clear violation of law in reaching a result which it is within their power to reach proceeding in a legal manner, is considered a jurisdictional error; but in order that the decision may be challenged on that ground by writ of *certiorari*, the error must appear upon the record or official history of the proceeding in the nature of a record which the law requires to be kept.

3. After the commissioners appointed under sec. 1077a, Stats. 1898, to equalize a county assessment have filed their determination with the county clerk and gone out of office, *certiorari* to review such determination,—no question being raised as to the proceedings for the appointment of the commissioners—should run to the county clerk, and he should make the return. The commissioners are not necessary parties, and the court cannot consider a return made by them giving a history of their proceedings not embodied in any official record or required to be so embodied or to be preserved in any way.

4. The function of a commission, appointed under sec. 1077a, Stats. 1898, to equalize a county assessment, extends to revising and correcting such assessment as to all of the taxing districts of the county, though the result may be to the advantage of other districts than those upon whose application the commission was appointed.

Appeal from an order of the circuit court for Eau Claire county: James O'Neill, Circuit Judge. *Affirmed.*

Proceedings were duly had, on petition of the mayor and common council of the city of *Eau Claire,* pursuant to sec. 1077a, Stats. 1898, for a revision of the county assessment of the property in the various taxing districts thereof for 1899, resulting in a decision by the commissioners, duly evidenced by their certificate filed with the county clerk according to law, reducing the assessed value of the property of such city $1,177,403, and that of the city of *Altoona* $6,909, and increasing the assessed values of the property of the other taxing districts in the county, over those made by the county board, in proportion to such values, sufficient to leave the total value of all the taxable property in the county for such year the same as that fixed by the county board. A writ of *certiorari* was sued out of the circuit court on the relation of several of the taxing districts, represented by their proper officers and by several taxpayers thereof, being parties who now appear as appellants, to test the validity of the commissioners' decision.

The grounds of the invalidity claimed in the petition are: First, that the commissioners ruled that they had no jurisdiction to inquire into whether the property in the city of *Eau Claire,* or any taxing district which was subject to taxation for the year 1899, was omitted from the assessment rolls and not considered by the county board, or to take such property into consideration in making the decision, and accordingly refused to hear evidence offered to prove that there was more than $1,500,000 of personal property in the city of *Eau Claire* so omitted in 1899 from the assessment roll and

ignored by the board in making its assessment, such property consisting of bank credits and other debts to residents of said city over and above their exemptions; second, that the certificate filed by the commissioners, evidencing their determination, was not in the form required by law. The petition for the appointment of the commissioners, the order appointing the commissioners, and their certificate, were made a part of the petition for the writ. No complaint was made of any matter up to and inclusive of the commencement of the proceedings before the commissioners.

The writ was directed to the county clerk, the clerk of the circuit court of Eau Claire county, the cities of *Eau Claire* and *Altoona,* and the commissioners. It was duly served on all such parties. A motion was duly made to supersede the writ, which was granted by the court and an order was entered accordingly, from which this appeal was taken.

For the appellants there was a brief by *W. H. Frawley,* attorney, and *H. H. Hayden* and *H. B. Walmsley,* of counsel, and oral argument by *Mr. Hayden* and *Mr. Walmsley.*

*James Wickham,* for the respondents.

The following opinion was filed April 22, 1902:

MARSHALL, J. The commissioners having concluded their labors, filed the result thereof with the county clerk, and gone out of office before the filing of the petition for the writ, obviously they had no control over the official record of their proceedings, and were not proper parties for the purpose of bringing the same before the court. If the writ had been directed to them alone, the court would have obtained no jurisdiction to consider any question touching their decision. It has been so often held by this court that a writ of *certiorari* must go to the custodian of the record of the proceedings sought to be reviewed, that where that is the official history of proceedings of a continuing body, such as a city council or county board, its clerk is deemed the mere agent thereof, and

the real custodian of the record the body itself, that where an officer like a county clerk is legally in possession of the record of the doings of a body no longer in existence, he is the proper person to return the same into court in response to a writ of *certiorari* sued out to review the same, and that the writ should run to and be served on him in order to give the court jurisdiction to consider matters complained of, that it would be a work of supererogation to go over the subject anew at this time. It is the settled law of this state that a writ of *certiorari* to review the proceedings of a continuing body must go to the body itself; and that a writ of *certiorari* to review the proceedings of a tribunal no longer in existence must go to the officer having possession of the record. *State ex rel. Flint v. Fond du Lac,* 42 Wis. 287; *State ex rel. Tibbits v. Milwaukee,* 86 Wis. 376, 57 N. W. 45; *State ex rel. Ollinger v. Manitowoc,* 92 Wis. 546, 66 N. W. 702; *State ex rel. Clancy v. McGovern,* 100 Wis. 666, 76 N. W. 593; *State ex rel. Graff v. Everett,* 103 Wis. 269, 79 N. W. 421.

No complaint being made by the petition of the proceedings for the appointment of commissioners, the only record material to the relators' propositions, for consideration by the court, was that made by the commissioners which the law required them to file, and which, according to the petition, was filed with the county clerk. It follows that service on such clerk was necessary to jurisdiction to review the commissioners' decision, and that no other service was necessary. Doubtless it was proper for the court to order the writ served upon parties directly interested in maintaining the validity of the decision and to permit them to have their day in court in respect thereto in the *certiorari* proceedings. But they were not necessary parties in a jurisdictional sense. The commissioners were not interested in their decision, nor were they in control of any record which could be reached by the writ. Counsel for appellants, to maintain their position that it was proper to direct the writ to the commissioners and to require

them to report to the court the history of their proceedings
not embodied in any official record, or required to be so em-
bodied or to be preserved in any way, confidently refer to
statements by textwriters to the effect that where the writ is
directed to a nonjudicial body, not required to keep a record,
it may properly require such body to return a history of its
proceedings based on personal recollection, and that it may, in
a case·where there is no official record, require a return of
matters *dehors* the record.   Courts that hold to such doctrine,
either by the aid of a statute or independently thereof, have
. extended the office of a common-law writ of *certiorari* beyond
that recognized here.   In Massachusetts, where such writ is
used to correct errors of law in proceedings not according to
the course of the common law, it is not confined to jurisdic-
tional matters appearing upon the record.   Extrinsic evidence
may be returned with the official history, which, on the hear-
ing, may be met by new evidence.   In the absence of such
extrinsic evidence returned, evidence may be produced on the
hearing to show that, notwithstanding the errors of law com-
plained of, no injustice has been done.   *Farmington R. W.
P. Co. v. County Comm'rs,* 112 Mass. 206; *Worcester & N.
R. Co. v. Railroad Comm'rs,* 118 Mass. 561; *Tewksbury v.
County Comm'rs,* 117 Mass. 563.   There is no such practice
in this state.   The function of the common-law writ of
*certiorari* here is to correct jurisdictional errors appearing
upon the official record.   The practice in that regard has been
uniform during our entire judicial history.   Justice PAINE,
speaking for the court in *Tallmadge v. Potter,* 12 Wis. 317,
said: "The object of the writ is to confine inferior tribunals
within their jurisdiction,   . . .   and not to correct every
error they commit in executing the powers that are delegated."
In *Baizer v. Lasch,* 28 Wis. 268, it was said that the common-
law *certiorari* only brings up the record, and can only reach
defects or errors in proceedings of the tribunal to which it is
issued which appear upon the face of the record, and which

go to the jurisdiction of the tribunal. In *Morris v. Ferguson,*
14 Wis. 266, the court held that a writ of *certiorari* to review
the proceedings of a board of supervisors, deciding upon a
petition to lay out a highway, does not reach anything *dehors*
the record kept and preserved by them. In *State ex rel.
Manitowoc v. County Clerk,* 59 Wis. 15, 16 N. W. 617, a
proceeding to test the validity of the decision of commission-
ers under sec. 1077a, Stats. 1898, the court held that the
sole office of the writ was to bring before the court for review,
as to jurisdictional matters, the report of the proceedings of
the commission filed with the county clerk. '

The practice in this state being firmly established as indi-
cated, it is useless to spend much time referring to authorities
elsewhere. The rule here, however, is in harmony with the
generally recognized function of the writ of *certiorari.* It
reaches jurisdictional defects only, and only those which ap-
pear upon the record of the proceedings called in question
which the law requires or authorizes to be preserved as an
official history. As said, in effect, in *Ward v. Board,* 135
Mo. 309, 36 S. W. 648, cited by respondents' counsel, as noth-
ing but the record proper can properly be presented to the
court for consideration by the return to the writ of *certiorari,*
only matters which by law form a part of the official record
should be included in the return, and if other matters are in-
cluded they cannot properly be considered. Under our system
the writ of *certiorari* is used as a means of exercising the con-
stitutional power of superintending control over inferior
courts and tribunals in matters of jurisdiction. Textwriters
recognize, as the fact is, that such is the ancient function of
the writ, but that some courts, with or without the aid of
statutory authority, have greatly broadened it. Statements
by textwriters in harmony with such broadened function of
the writ, which do not recognize the ancient limitation thereof,
are quite liable to mislead counsel, and trial courts as well,
into applying the broadened function in jurisdictions where

the ancient function of the writ only is recognized. Since in this state the office of the writ is to reach jurisdictional matters only, a response to the writ in all cases should be made by the production of the official record and nothing more. In making up the return the officer to whom the writ is directed should give the court the benefit of the record officially preserved, and by that the validity of the proceeding challenged is to be tested. Such is the general rule. 2 Spell. Extr. Rem. §§ 2005–2009.

While the function of a writ of *certiorari* is much broader when used to correct errors of judicial and *quasi* judicial tribunals not proceeding according to the course of the common law, where there is no right of appeal or method provided for a direct review, than when used to correct errors of courts exercising strictly judicial powers, in neither case can it legitimately reach defects other than those of a jurisdictional character. The distinction between the scope of the proceeding in the two cases grows out of this: In proceedings of a purely judicial character, the court having jurisdiction of the person and the subject matter may render a valid judgment regardless of how grievously it may err on questions of law or fact in reaching that result. But in the exercise of *quasi* judicial powers, intrusted to boards, councils, commissions, and *quasi* judicial officers, clear violations of law in reaching a result which is within the power of the officer or body to reach, proceeding in a legal manner, are considered as jurisdictional errors (*State ex rel. Durner v. Huegin,* 110 Wis. 189, 239, 85 N. W. 1046); the idea being that in reviewing the proceedings of officers or bodies exercising *quasi* judicial powers the function of the writ extends to keeping them within their jurisdiction as well as reviewing matters of original jurisdiction (*Milwaukee Iron Co. v. Schubel,* 29 Wis. 444; *State ex rel. Heller v. Lawler,* 103 Wis. 460, 79 N. W. 777; *State ex rel. Durner v. Huegin,* 110 Wis. 240, 85 N. W. 1046). If a board, in reaching a determination, is

required to act upon evidence, and it acts without evidence, or any evidence warranting the result reached in any reasonable view of it, or if it is required to receive evidence and refuses to do so, it commits a clear violation of law—a jurisdictional error—and its final determination may be challenged by writ of *certiorari* as void on that ground, if the error appears upon the record, or official history of the proceeding in the nature of a record which the law requires to be kept, because the error is deemed to be of a jurisdictional nature. But the writ can no more reach matters not exhibited by such record or history, when used to challenge the decision of a *quasi* judicial tribunal, than when used to challenge the judgment of a court. In all cases the writ goes to the body or officer controlling the record, and must be responded to by a production of the record, and must stand or fall by the record. *Smith v. Town Council,* 19 R. I. 61, 31 Atl. 578.

It follows from what has been said that on the motion to supersede the writ the court properly refused to consider the complaint that evidence, offered before the commissioners as to property omitted from the tax rolls for 1899 in the city of *Eau Claire* which was there assessable for such year, was rejected. The petition sufficiently shows that there was no official record of such offer and rejection of evidence. The law did not require any such record to be kept or any history whatever to be preserved, of the manner in which the commissioners reached their conclusion. They were required to file a certified copy of their determination under their hands, with the county clerk of Eau Claire county, within three months after receiving notice of their appointment. That, and the proceeding clothing the commissioners with jurisdiction of the subject matter of revising the decision of the county board of assessment, constituted all the official records legitimately called for by the writ. *State ex rel. Burnham v. Cornwall,* 97 Wis. 565, 73 N. W. 63.

What has been said eliminates from this case all questions

regarding whether the commissioners proceeded legally in reaching the result evidenced by their certificate, other than those which arise from what is contained in the certificate itself. The only error which counsel for appellants claim such certificate shows, is the granting of relief to the city of *Altoona* notwithstanding it was not a petitioner therefor, and adding the amount taken from the county board assessment of the property of such city to the value of the property of the other taxing districts in the county. It is insisted by appellants' counsel that the true intent and meaning of sec. 1077*a*, Stats. 1898, is that the commissioners shall consider only the question of whether the taxing district petitioning for relief has been prejudicially dealt with, and, if so, to award to it such relief as will cure the error by reducing the valuation of the taxable property therein as fixed by the county board, and increasing the values so fixed as to the other taxing districts without increasing the aggregate value of all the taxable property of the county, distributing the increase in such a way as to create a just relation between all the districts of the county; that the commission, in going further and awarding relief to a taxing district that did not join in the proceedings for a review of the county board assessment, exceeded its jurisdiction. That proposition was fully considered in *State ex rel. Meredith v. Lippels,* 112 Wis. 203, 87 N. W. 1093. It was there held that the function of a commission appointed under sec. 1077*a*, Stats. 1898, extends to revising and correcting the decision of the county board as to all of the taxing districts of the county, though the result may be to the advantage of other districts than those responsible for the creation of the commission. No sufficient reason is advanced by counsel for appellants to call for a rediscussion of the subject.

The result of the foregoing is that the petition for the writ of *certiorari* does not allege the existence of any jurisdic-

State ex rel. Augusta v. Losby, 115 Wis. 57.

tional defect appearing on the official record of the proceedings of the commission. For that reason the motion to supersede the writ was properly granted.

*By the Court.*—The order appealed from is affirmed.

Upon a motion by the appellants for a rehearing, it was contended, *inter alia,* that it has not been the settled practice in this state to confine *certiorari* for review of bodies not purely judicial to cases where the statute requires the keeping of an official history or account in writing of the transactions sought to be examined, and where such history or account has actually been kept. *State ex rel. Foster v. Graham,* 60 Wis. 395; *State ex rel. School Dist. v. Thayer,* 74 Wis. 48; *State ex rel. Moreland v. Whitford,* 54 Wis. 150.; *State ex rel. Wood Co. v. Dodge Co.* 56 Wis. 79; *State ex rel. McCune v. Goodwin,* 24 Wis. 286; *State ex rel. Graef v. Forest Co.* 74 Wis. 610; *State ex rel. Ennis v. Janesville,* 90 Wis. 157, 160; *State ex rel. Starkweather v. Superior,* 90 Wis. 612; *State ex rel. Turner v. Bell,* 91 Wis. 271; *State ex rel. Gray v. Oconomowoc,* 104 Wis. 622. Nor are the cases cited in the opinion herein to the contrary. The mischief which will result from the adoption of such a rule is obvious and alarming. See *Schwartz v. Superior Court,* 111 Cal. 106, 43 Pac. 580; *Blair v. Hamilton,* 32 Cal. 49. The doctrine that the writ may run to one whose office has expired is firmly established. *People ex rel. Devlin v. Peabody,* 6 Abb. Pr. 228; *Harris v. Whitney,* 6 How. Pr. 175; *People ex rel. Davis v. Hill,* 65 Barb. 170.

The motion was denied September 23, 1902.