STATE EX REL. KULIKE, Respondent, vs. TOWN CLERK OF
   THE TOWN OF LEBANON, COUNTY OF DODGE, AND STATE
   OF WISCONSIN, Appellant.

*May 1—May 21, 1907.*        `        ..

Certiorari: *Direction of writ.*

Except where specially provided by statute or in particular cases
   of necessity, as where the board or body whose acts are sought
   to be reviewed is not continuing or has ceased to exist, the writ
   of *certiorari* cannot properly run to a mere ministerial officer
   simply because he is the custodian of the records, but must go
   to the board or body whose acts are sought to be reviewed,
   otherwise the court cannot obtain jurisdiction either of the sub-
   ject matter or of the persons composing such body or board.

APPEAL from an order of the circuit court for Dodge
county: JAMES J. DICK, Circuit Judge. *Reversed.*

This is a *certiorari* proceeding to review the action of the
supervisors of the town of Lebanon, in the county of Dodge,
Wisconsin, in laying out a highway in said town. The writ
was issued on the petition of *Alwina Kulike,* respondent, set-
ting forth certain alleged defects in the proceedings, and di-
rected to the town clerk of said town. The appellant town
clerk, before return, moved the circuit court out of which the
writ issued to quash the writ. The motion to quash was de-
nied, and in the same order denying it the court adjudged
and decreed that the proceedings and decision of the board of
supervisors of said town were illegal and void, and further
adjudged and decreed that such proceedings be set aside and
vacated with $10 costs of motion. The appellant town clerk
appealed from this order.

For the appellant the cause was submitted on the briefs of
*John G. Bachhuber.*

For the respondent there was a brief by *Schwefel & Knoell,*
and oral argument by *O. G. Schwefel.*

State ex rel. Kulike v. Town Clerk, 132 Wis. 103.

KERWIN, J. The first question presented, and the one which is decisive of this appeal, is whether the writ was properly directed. Respondent insists that it should run to the town clerk and not to the supervisors, and bases his contention mainly upon *Milwaukee I. Co. v. Schubel,* 29 Wis. 444; *Williams v. Yorkville,* 59 Wis. 119, 17 N. W. 546; *State ex rel. Gordon v. McNay,* 90 Wis. 104, 106, 62 N. W. 917; *State ex rel. Hewitt v. Graves,* 120 Wis. 607, 98 N. W. 516; and *Rude v. St. Marie,* 121 Wis. 634, 99 N. W. 460. In *Milwaukee I. Co. v. Schubel* the writ of *certiorari* was issued to bring up the proceedings of the town board of review, and it was held that the writ was properly directed to the town clerk, because he had the legal control and possession of the proceedings and had at the time the writ was issued the legal custody and possession of the record. The board of review, being a temporary and not continuing body, passes out of existence as soon as it performs its functions, and the record of its proceedings remains with the clerk. Therefore he is the proper party to whom the writ should be directed. In *Williams v. Yorkville* and *State ex rel. Gordon v. McNay* the question of the action of the supervisors under the drainage law was involved, and this court held that the town supervisors in the exercise of their duties prescribed by such law were not acting for and on behalf of the town, but rather as public or governmental officers, or agents, in the exercise of police power conferred upon them by statute, in the exercise of which the town had no concern. True, in *State ex rel. Hewitt v. Graves* the proceeding was by *certiorari* to review the action of the town supervisors in laying out a highway and the writ was directed to the town clerk, but it appears in this case that the question of whether the writ was properly directed or not was neither raised nor considered, therefore the case cannot be regarded as authority upon the question. In *State ex rel. Gordon v. McNay* the proceeding was under sec. 1365, R. S. 1878, and therefore it was held that the supervisors were act-

ing as governmental officers, charged with the execution of police powers, and not acting on behalf of the town. *Rude v. St. Marie* was also an action which involved the construction of ch. 54, Stats. (1898), involving the drainage laws.

There can be no doubt that the town supervisors, under ch. 52, Stats. (1898), in laying out a highway act on behalf of the town, and proceedings referred to in the petition and writ which are claimed by respondent to be void were taken and performed by the supervisors of the town acting as such. Ch. 52, Stats. (1898) ; *State ex rel. Flint v. Fond du Lac,* 42 Wis. 287 ; *Durkee v. Kenosha,* 59 Wis. 123, 17 N. W. 677. The supervisors of the town, being a permanent and continuing body and acting on the part of the town in laying out the highway, were the proper parties to whom the writ should run. *State ex rel. Graff v. Everett,* 103 Wis. 269, 79 N. W. 421 ; *State ex rel. Flint v. Fond du Lac, supra; State ex rel. Ollinger v. Manitowoc,* 92 Wis. 546, 66 N. W. 702 ; *State ex rel. Clancy v. McGovern,* 100 Wis. 666, 76 N. W. 593 ; *State ex rel. Tibbits v. Milwaukee,* 86 Wis. 376, 57 N. W. 45. Except where specially provided by statute or in particular cases of necessity, as where the board or body whose acts are sought to be reviewed is not continuing or has ceased to exist, the writ of *certiorari* cannot properly run to a mere ministerial officer simply because he is the custodian of the records, but must go to the board or body whose acts are sought to be reviewed, otherwise the court cannot obtain jurisdiction either of the subject matter or of the persons composing such board or body. In *Davis v. Harrison,* 46 N. J. Law, 79, 86, the court in speaking of the party to whom the writ should run said:

"The rule is that the writ should be directed to the person who, in legal contemplation, has the custody of the record to be certified. *Morris C. & B. Co. ads. State,* 14 N. J. Law, 411 ; *Kirkpatrick v. Comm'rs,* 42 N. J. Law, 510. But this has never been construed as requiring the writ to be directed to a mere subordinate officer of a court or a municipal corporation, though he may be in actual possession of the record. His

custody is that of the court or corporation whose officer he is. The practice, therefore, is to direct the writ to the principal and not to the mere agent. In this case the record was, in legal contemplation, in the custody of the town when in the possession of its clerk."

It follows that the writ in the case before us should have been directed to the town supervisors, and therefore the circuit court obtained no jurisdiction of the subject matter or of the supervisors, hence the writ should have been quashed.

*By the Court.*—The order of the court below is reversed, and the action remanded with instructions to quash the writ of *certiorari*.

Note by KERWIN, J. Ch. 146, Laws of 1901 (providing that "all writs of *certiorari* issued to review any action taken by any . . . town board, . . . or any record lawfully in the custody of any . . . town clerk, . . . may be addressed to and served upon the proper . . . town clerk, who shall make return thereto"), was not referred to by counsel in their briefs or on the oral argument in this case and was overlooked by the court.