STATE EX REL. CASPER and another, Respondents, v. BOARD OF TRUSTEES OF WISCONSIN RETIREMENT FUND, Appellant.

*February 1—March 1, 1966.*

[10] *Powers v. Allstate Ins. Co.* (1960), 10 Wis. (2d) 78, 102 N. W. (2d) 393.

[11] *Supra,* footnote 8.

For the appellant the cause was argued by *J. R. Wed-lake,* assistant attorney general, with whom on the briefs

were *Bronson C. La Follette,* attorney general, and *David G. McMillan,* assistant attorney general.

For the respondents there was a brief by *Frank B. Meinecke,* attorney, and *E. H. Snyder* of counsel, both of Milwaukee, and oral argument by *Mr. Snyder.*

HALLOWS, J.   We recently said in *Firemen's Annuity and Benefit Fund v. Krueger* (1964), 24 Wis. (2d) 200, 128 N. W. (2d) 670, that review proceedings where certiorari is permitted must be commenced within six months from the entry of the order sought to be reviewed. This was said in reference to cases where no time was prescribed by the ordinance or statute creating the right of review.  In that case and in some prior cases, this court considered the timeliness of the review to be governed by the doctrine of laches. *McClutchey v. Milwaukee County* (1941), 239 Wis. 139, 300 N. W. 224, 300 N. W. 917; *Wurth v. Affeldt* (1953), 265 Wis. 119, 60 N. W. (2d) 708. In other cases this court based its decision of timeliness upon analogy to the right to appeal to this court in civil cases under sec. 274.01 (1), Stats. *State ex rel. Dalrymple v. Milwaukee County* (1883), 58 Wis. 4, 16 N. W. 21; *Talbot v. White* (1853), 1 Wis. 385 (*444).

In *Firemen's,* which apparently was not called to the trial court's attention, we adopted six months as the ultimate period beyond which an appeal by certiorari cannot be taken when no time limit is prescribed by the law creating that right.  This rule rests on the principle that when a statute does not prescribe the time within which the right to review must be exercised, such right must be exercised within a reasonable time.  Since the time set by sec. 274.01 (1), Stats., is six months for appeals for such a case from the circuit court to this court, such time is reasonable within which the review must be taken to the circuit court.  This view is akin to the action of courts of equity in holding that the period of the statute of limitations applicable to a legal right is to be considered

laches applicable to the equitable right without inquiry into any change of circumstances.

Although what we said in *Firemen's* was *obiter dictum* because the decision expressly rested on laches, we now affirm such statement as a holding, but we point out the rule has no application where the statute provides a time limit for review or appeal by certiorari, such as sec. 70.47 (9a), Stats. [ninety days, board of review, tax assessment], sec. 62.23 (7) (e) 10 and 11 [thirty days, board of appeals, from a regulation], sec. 60.05 (4) [one year to review validity of proceedings to constitute or divide a town].

The review in the instant case was taken under sec. 66.918 (3), Stats.,[1] which does not provide any time period within which the petition for the writ of certiorari must be filed and therefore the petition should have been made within six months of the determination of the board. Since the petition was filed fourteen days beyond that time, the writ of certiorari would have been superseded or quashed upon a motion made prior to the return or after if no other motion had previously been made. We do not consider the timeliness of the petition for the writ to be jurisdictional, nor do we find in the record any motion to dismiss on the ground of untimeliness. Apparently this question was raised at the time of the oral argument on the motion to quash for misdirection long after the motion to change the venue was made and the return to the writ filed. We think defenses should not be put in seriatim and this objection came too late. The defense of untimeliness was waived and in addition was not properly raised.

We point out again as we did in *Lakeshore Development Corp. v. Plan Comm.* (1961), 12 Wis. (2d) 560,

---

[1] "(3) Any action, decision or determination of the board shall be reviewable only by a writ of certiorari, and any party to such certiorari proceedings shall have the right of appeal from the decision of the reviewing court."

107 N. W. (2d) 590, that a review by a writ of certiorari has different characteristics than the common-law writ of certiorari. The latter writ is granted in the discretion of the court, *Consolidated Apparel Co. v. Common Council* (1961), 14 Wis. (2d) 31, 109 N. W. (2d) 486, while the statutory review by certiorari is a matter of right and a proceeding which is much enlarged in scope because it inquires into not only the jurisdiction of the board or body making the determination but also the merits of the determination. In both instances, however, the return does not serve the function of an answer and the issues on review, whether related to the merits, jurisdiction, or procedure, are created by motions to supersede or to quash, stating the grounds therefor. For some purposes including the right to appeal, such motions are treated as if they were demurrers. See *Lakeshore Development Corp. v. Plan Comm., supra; Swan Boulevard Development Corp. v. Cybulski* (1961), 14 Wis. (2d) 169, 109 N. W. (2d) 671; *State ex rel. Clancy v. McGovern* (1898), 100 Wis. 666, 76 N. W. 593; and *State ex rel. Bollenbeck v. Shorewood Hills* (1941), 237 Wis. 501, 297 N. W. 568.

The argument of the claimants that the Fund is in default because no answer or demurrer has been interposed is without merit. The practice applicable to ordinary civil actions is not applicable to either common-law or statutory writs of certiorari.

It is argued the trial court was in error in changing the caption of the case in respect to the respondent from the Wisconsin Retirement Fund, a trust, to the Board of Trustees of the Wisconsin Retirement Fund. The question is whether the writ was misdirected or whether the respondent below was misnamed. The cases of misdirection are distinguishable from the facts of this case. Where a writ has been held to be misdirected, it was directed to a board or person which had the legal capacity to be sued but which did not make the determination sought to be reviewed. Thus, in *State ex rel. Tibbits v.*

*Milwaukee* (1893), 86 Wis. 376, 57 N. W. 45, the writ was directed to the "City of Milwaukee and George R. Mahoney, as city clerk," whereas it "should have been directed to the common council." In *State ex rel. Kulike v. Town Clerk* (1907), 132 Wis. 103, 111 N. W. 1129, the writ was directed to "town clerk" of the town of Lebanon, whereas it should have been directed to "town supervisors." In *State ex rel. Ollinger v. Town of Manitowoc* (1896), 92 Wis. 546, 66 N. W. 702, the writ was directed to the county clerk of the county of Manitowoc, whereas it should have been directed to the board of supervisors. See also *State ex rel. Clancy v. McGovern* (1898), 100 Wis. 666, 76 N. W. 593; *State ex rel. Graff v. Everett* (1899), 103 Wis. 269, 79 N. W. 421; *State ex rel. Robst v. Board of Appeals* (1942), 241 Wis. 188, 5 N. W. (2d) 783.

We do not consider the Wisconsin Retirement Fund as such a juridic entity capable of being sued; it is a legal relationship, not a legal entity. The Fund was created by sec. 66.90, Stats. It is to be construed as a trust and in one aspect is a plan to provide retirement funds and benefits to eligible participants according to certain standards set forth in the statutes. However, the operation and the maintenance of the Fund is administered by the board of trustees in accordance with secs. 66.90 through 66.918.

It is common knowledge that over the years the Fund has acquired an assumed personality of being the plan, the assets, the administration and a juridic entity. Most of the operations have been carried on under the name and style of Wisconsin Retirement Fund with very little reference to the board. Even the stationery used by the Fund as disclosed in the record does not carry the names of any of the members of the board of trustees or any reference to the board. In this case, both the executive director of the Fund and the attorney general treated the designation "Wisconsin Retirement Fund," a trust, as being a sufficient legal designation for the board of

trustees of the Wisconsin Retirement Fund. The notice of appearance states that "the defendant Wisconsin Retirement Fund is created by secs. 66.90 to 66.918, inclusive, Wisconsin Statutes, as a statutory agency of the State of Wisconsin, from which it appears that this is an action brought against the state, or a state board or commission, . . ." The notice of motion to change the venue and the affidavit in support thereof speak of the respondent as a statutory agency or as a state board or commission. The opinion of the circuit court for Milwaukee county ordering a change of venue considered the board of trustees of the Wisconsin Retirement Fund to be the respondent and the agency requesting a change of venue. In its opinion, the court used interchangeably the terms "Board of Trustees" and the "Wisconsin Retirement Fund" in referring to the same legal entity. Not until April 20, 1965, some six months after the issuance of the writ, did the attorney general bring a motion to quash on the ground of misdirection.

We consider the trial court was correct in holding the respondent below was misnamed in the writ and consequently there was no error in amending the caption to correctly name the respondent. It was not necessary to name the members of the board of trustees in the caption in order to sue the board as such. See *Barry Laboratories, Inc., v. State Board of Pharmacy* (1965), 26 Wis. (2d) 505, 132 N. W. (2d) 833. And service of the writ upon the executive director of the Fund was service upon the board of trustees of the Wisconsin Retirement Fund.

*By the Court.*—Order affirmed.