## Samuel Roberts v. The Highway Commissioners of Cottrellville.

*Boards of highway commissioners: Organization: Certiorari to review proceedings relative to highway encroachments: Service: Return.* A writ of *certiorari* to review proceedings before a justice of the peace and a jury, under § *1087, Comp. Laws,* relative to encroachments on highways, must be directed to the justice,—and if necessary to bring up the final action of the commissioners or the documentary evidence annexed to it,—to them also.  The township clerk is not a member of the board of commissioners; and a record of their proceedings made up by him, the service, of a writ of *certiorari* directed to them, upon him, and a return thereto by him, are each without authority of law.

A township clerk may certify papers legally in his custody; and when such papers become properly a part of a return to a writ of *certiorari*, directed to the commissioners of highways, the commissioners may annex such certified copies and return them, certifying under their signatures, substantially,—" Our return to the within writ appears by the schedules hereto annexed, certified by our clerk."

*Heard November 4.  Decided November 29.*

*Certiorari* to the commissioners of highways of the township of Cottrellville, in the county of St. Clair, and to John Spinks, to review proceedings under sections 1087 and 1089 Compiled Laws, for an alleged encroachment upon a highway by Samuel Roberts.

*H. M. & W. E. Cheever,* for plaintiff in *certiorari.*

*Trowbridge & Atkinson,* for respondents.

CHRISTIANCY, J.

This was a *certiorari* to bring up proceedings had before a justice of the peace and a jury, against Roberts, at the instance of the highway commissioners, under *section 1087, Comp. Laws,* as amended by act of 1861 (*Sess. L. 1861, p. 153*), for an alleged encroachment upon a highway.

The commissioners seem to have made an order requiring Roberts to remove the encroachment, and he denying the encroachment, one of the commissioners applied to the justice, under section 1089, for a precept in the nature of a *venire* directing a constable to summon six disinterested freeholders as a jury to inquire into the premises.

This jury appears to have been summoned, and the commissioners and Roberts seem to have proceeded before the justice and jury to introduce evidence touching the existence or non-existence of the highway in the locality claimed, and of the encroachment; and the jury, after full investigation, found the encroachment, and their certificate of this finding seems to have been filed in the township clerk's office, as required by *section 1091, Comp. L.* Several objections or exceptions were taken on the trial, to the introduction or exclusion of evidence. And it is to the evidence introduced, the rulings of the justice, the want of evidence on certain points, and to some of the proceedings before the justice and the jury, that all the objections are made.

The writ of *certiorari* was not directed to the justice, and, of course, no return is made by him. It was directed only to the commissioners officially, and to John Spinks individually, without any designation of office, but who, in fact, was the township clerk, and served upon him only, and not upon any of the commissioners.

The township clerk seems to have attended at the trial before the justice and jury, and to have taken a pretty full

statement of the evidence given, the objections taken to evidence, and the rulings of the justice, and other proceedings on the trial, all of which seems to have been filed by him in his office, and is contained in what purports to be his return to the writ; for he, as township clerk, alone has made a return to the writ, and this does not purport to be in the name or by the direction of the commissioners and is not signed by them.

The statute gives no authority to the clerk to take down the evidence or the proceedings, or to file the same in his office, or to certify or authenticate them in any way. The only part of the proceedings before the justice or jury, which the statute requires to be filed in the township clerk's office, is the finding of the jury certified by them; and this is all of the proceedings occurring on the trial which the commissioners or their clerk could officially return under any circumstances. The clerk's return, therefore, of the evidence and proceedings before the justice, is wholly unofficial, and of no more authenticity than if taken down and returned by any other by-stander who might have been present at the trial. It is quite clear, therefore, that we have no official return before us of any of the proceedings on the trial; nor do we see how those proceedings or any of the evidence could have been brought before us without having the writ of *certiorari* directed to the justice, who might make officially a return of what took place before him and the jury, and of the evidence so far as necessary to present any question of law upon any point specified in the affidavit.—*Jackson v. People*, 9 *Mich.*, 111; *Hyde v. Nelson*, 11 *id.*, 353; *Cicotte v. Morse*, 8 *id.*, 424; *Berry v. Lowe*, 10 *id.*, 9.

We think the writ should have been directed to the justice; but as part of the evidence was documentary, and in the custody of the clerk of the commissioners, and might

not be accessible to the justice in making his return, the writ might also have been directed to the commissioners.

It is proper to say here, that the service of the writ in the present case, upon the clerk of the commissioners alone, was not sufficient. He is not a member of the (board of) highway commissioners as he is of the township board. We have discovered no statute authorizing legal process of any kind against the commissioners to be served upon their clerk. In the case of process against the board of supervisors, the statute has provided for service upon the county clerk, and made it his duty to notify the board; as there is no such statute applicable to the commissioners, the clerk would be under no legal obligation to notify them.

The return of the commissioners to a writ of *certiorari*, should always appear in some way to be *their* return, and not merely that of the clerk, though the latter may authenticate the papers attached, by his certificate. And as he is to keep a record of the proceedings of the commissioners, he might, perhaps, certify that he made the return by the direction of the commissioners, without their signatures. But it is quite easy for the commissioners themselves to make a return, though composed of the records of the office,— by saying over their signatures substantially, "Our return to the within writ, appears by the schedules hereto attached, certified by our clerk."

In the present case there is no return of any kind before us. The writ was improvidently issued to the commissioners alone, without the justice, and no service upon, or return by, either. The writ must therefore be dismissed without prejudice to any further writ or other proceedings.

The other Justices concurred.