STATE *ex rel.* LINDSAY V. BOYDEN *et al.*, County Commissioners *et al.*

1. Under Rev. Code Civ. Proc. § 756, requiring the writ of certiorari to be directed to the board or any other person having the custody of the records or proceedings to be certified, a writ to review the acts of a board of county commissioners relative to a petition to change the county seat is properly directed to the board which, by Rev. Pol. Code § 824, is required to keep a book in which all its orders and decisions shall be recorded, and should not be directed also to the county auditor, who, by section 885, is made ex officio clerk of such board, and required to keep a record of its proceedings; the clerk's possession being the possession of the board, and it being in legal contemplation the custodian of the record.

2. The board of county commissioners being the necessary defendant to a writ of certiorari to review its acts, and its clerk, the county auditor, being improperly made a defendant with it, he is not a party aggrieved by the judgment annulling the order of the board, so as to allow review thereof on appeal by him alone, under Rev. Code Civ. Proc. § 440 authorizing review on appeal by the party aggrieved.

3. A defendant not aggrieved by the judgment as to the subject-matter, having appealed alone from the entire judgment for the evident purpose of having it reversed as an entirety, may not thereon have a review of the question of costs, they having been assessed against all the defendants; but he should move in the court below for a modification in respect to costs, and, if the motion is denied, appeal from the order denying it, giving notice to the other defendants, they, on the question of

being required to pay his share of the costs, being adverse parties, to whom Rev. Code Civ. Proc. § 441, requires the giving of notice.

(Opinion filed September 12, 1904.)

Appeal from circuit court, Charles Mix county; Hon. E. G. SMITH, Judge.

Certiorari on the relation of J. W. Lindsay against O. L. Boyden and others. From the judgment, defendant A. Van Der Voort appeals. Dismissed.

*G. P. Harben (Horner & Stewart,* of counsel), for appellant.

In determining whether a majority of the legal voters of the county had signed this petition, the board of county commissioners exercised judicial functions; it exercised quasi-judicial powers involving judgment and discretion. Champion v. Board, 5 Dak. 416; State v. Board, 54 Pac. 939; Herrick v. Carpenter, 6 N. W. 574; Ellis v. Karl, 7 Neb. 381; Miller v. Jones, 80 Ala. 89; Board v. Markle, 46 Ind. 96.

Where the record of proceedings is silent as to the proceedings had or how the inferior tribunal proceeded, courts upon certiorari will presume the jurisdictional facts existed and that the proceedings were regular. 4 Enc. Plead. & Prac. 288; Baizir v. Lasch, 28 Wis. 268; Doughty v. Read, 3 N. J. L. 461; Warring v. Loomis, 4 Barb. N. Y. 484.

The power does not exist in a petitioner to withdraw his name from a petition when the right of withdrawal is not given directly by the statute. Loomis v. Bailey, 45 Ia. 400.

*French & Orvis,* for respondent.

The board of county commissioners had the right to allow persons who had signed the petition to withdraw their names therefrom, and to strike their names from the petition when requested to do so by the signers, before the petition was fin-

ally acted upon by the board.   La Londe v. Supervisors, 49 N. W. 960; State ex rel. Lewis v. Eggleston, 10 Pac. 3; State v. Nemaha County, 4 N. W. 373; Hayes v. Jones, 27 Ohio St. 218; Board ex rel. Stanley v. Elliott, 33 Ind. 220.

An appeal will not lie from the action of the board in this proceeding.   Pierre Water Works Co. v. Hughes County, 5 Dak. 165; Champion v. Commissioners of Minnehaha County, 5 Dak. 429; Spencer v. Sully County, 4 Dak. 474; Fulkerson v. Stevens, 1 Pac. 262.

A writ of certiorari to review the acts of a board or body, unless it is not a continuing body or has ceased to exist, must go to the board, and, when directed to the legal custodian of its records, does not confer jurisdiction either of the subject-matter or of the persons composing the board. 6 Cyc. 797; State v. Everett, 103 Wis. 269; State ex rel. Clancey v. McGovern, 76 N. W. 593; State v. Manitowoc, 66 N. W. 702; Roberts v. Highway Com'rs, 24 Mich. 182.

All of the parties to a suit or proceeding who appear from the record to have an interest in the order, judgment or decree challenged in the appellate court, must be given an opportunity to be heard there before the court will proceed to a decision upon the merits of the case.   Grand Island & W. C. R. Co. v. Sweeney, 103 Fed. 342; Hamilton v. Blair, 31 Pac. 197; Hunderlock v. Investment Company, 88 Ind. 139; Hunt v. Hawley, 30 N. W. 477.

HANEY, J.   In this special proceeding the circuit court issued its writ of cetiorari directed to the defendants Boyden, Campbell and Peters, as commissioners, the board of county commissioners, and Van Der Voort, as auditor of Charles Mix

county, commanding them to certify a transcript of the record and proceedings of the board of county commissioners of that county concerning its action in relation to a petition to change the location of the county seat from Wheeler to Platte. To such writ all the defendants made return at the time and place specified therein, and after hearing the parties the court gave judgment annulling the order of the board submitting the question to the people of said county at the next general election. From such judgment the auditor alone appealed.

Respondent moves to dismiss on the ground that an appeal in this proceeding cannot be maintained by the auditor alone, he not being a party aggrieved. "Whenever a majority of the legal voters of any organized county shall petition the board to change the location of the county seat which has once been located by a majority vote, specifying the place to which it is to be changed, said board shall submit the same to the people of said county at the next general election, and if the proposition to change the county seat be ratified by two-thirds of the votes cast at said election (except as hereinafter provided) then the county seat shall be changed, otherwise not: provided, however, that in cases where the county seat is not located at a railroad station and it is proposed to remove the same to a railroad station, then the proposition to change the county seat may be ratified by three-fifths of the votes cast at said election, upon the question of such removal and in such case if the proposition to change the county seat be ratified by three-fifths of the votes cast at said election upon the question of such removal then the county seat shall be changed, otherwise not." State Const. art. 9, § 3. "The county auditor shall by virtue of his office be clerk of the board of county commis-

sioners of his county and keep an accurate record of their official proceedings, and carefully preserve all of the documents, books, records, maps and other papers required to be deposited or kept in his office and prepare a financial statement of the county annually unless otherwise ordered by the board of county commissioners, and carefully do and perform all other acts and duties which may now or hereafter be required by law to be done or performed." Rev. Pol. Code § 885. "A writ of certiorari may be granted by the supreme and circuit courts, when inferior courts, officers, boards or tribunals have exceeded their jurisdiction, and there is no writ of error or appeal, nor in the judgment of the court any other plain, speedy and adequate remedy." Rev. Code Civ. Proc. § 754. "The writ may be directed to the inferior court, tribunal, board or officer, or to any other person having the custody of the records or proceedings to be certified." Id. § 756. The provisions of the Revised Code of Civil Procedure relative to appeals in civil actions, except in so far as they are inconsistent with the chapter governing special proceedings of a civil nature, are applicable to this proceeding. Id. § 783. "No writ of error shall be necessary to bring up any judgment for review before the supreme court, but any judgment or any order defined in section 462 may be reviewed upon an appeal by the party aggrieved. The party appealing is called the appellant; the other, the respondent." Id. § 440. It is evident that the purpose of this proceeding was to review the acts of the board of county commissioners; not the acts of its clerk, the auditor. The rule is generally recognized that a writ of certiorari to review the acts of a board or body, unless it is not a continuing body or has ceased to exist, must go to the board, and, when directed to the

legal custodian of its records, does not confer jurisdiction either of the subject-matter or of the persons composing the board. 6 Cyc. 797; State v. Everett, 103 Wis. 269, 79 N. W. 421; State ex rel. Clancey v. McGovern, 100 Wis. 666, 76 N. W. 593; State v. Manitowoc, 92 Wis. 546, 66 N. W. 702; Roberts v. Highway Com'rs, 24 Mich. 182. In State v. Everett, supra, the court employs this language: "It has been repeatedly held by this court that, except in particular cases of necessity—as where the board or body whose acts are sought to be reviewed is not a continuing body or has ceased to exist—a writ of certiorari cannot properly go to a mere ministerial officer because he is the legal custodian of the records showing the facts in regard to the action to be reviewed, but that the writ must go to the board, otherwise the court cannot obtain jurisdiction either of the subject-matter or the persons composing such board; and that a return by a person who is not competent to receive service of the writ and make return thereto is a nullity." The same rule has been established by statute in this state. It requires the writ to be directed to the board, "or any other person having the custody of the records or proceedings to be certified." This contemplates that the return shall be made by the body, officer, or person having the legal custody and control of the record. It is the duty of the commissioners to "keep a book in which all orders and decisions made by them shall be recorded, except those relating to roads and bridges," and another "for the entry of all proceedings and adjudications relating to bridges and the establishment, change or discontinuance of roads." Rev. Pol. Code §§ 824, 825. The auditor is not a member of the board. The acts sought to be reviewed involved no exercise of judgment or discretion on his part. He

merely wrote in a book kept by the board such record of its proceedings as the board directed should be written.   The record was created by the board.   Its clerk's possession is its possession, and in legal contemplation it is the custodian of such record.   Davis v. Town of Harrison, 46 N. J. Law 79.   Therefore at common law and under the statute the writ in this proceeding was properly directed to the board or its members in their official capacity, and should not have been directed to the auditor.   Any return thereto not authorized by the commissioners would have been a nullity, and have given the circuit court no jurisdiction.   In other words, the board was a necessary party, and the auditor should not have been made a party at all.   This being so, it certainly follows that the auditor alone cannot maintain this appeal.   Assuming that the commissioners might have appealed as representatives of the people interested in their action, how can this court acquire jurisdiction to hear and determine their rights or the rights of those they represent without notice?   It is an elementary principle of appellate procedure that all the parties to a suit or proceeding who appear from the record to have an interest in the order, judgment, or decree challenged in the appellate court must be given an opportunity to be heard there before that court will proceed to a decision upon the merits of the case.   Grand Island & W. C. R. Co. v. Sweeney, 103 Fed. 342, 43 C. C. A. 255; Hamilton v. Blair, 23 Or. 64, 31 Pac. 197; Hunderlock v. Investment Co., 88 Ind. 139; Hunt v. Hawley, 70 Iowa 183, 30 N. W. 477.   This court cannot determine the rights of persons who have no opportunity to be heard, any more than can the circuit court.   Parties who fail to appeal are deemed to acquiesce in the judgment of the court below.   2 Encyc. Pl. & Pr.

18 S. D.—25

157. All the proper parties to this proceeding are therefore presumptively satisfied with the conclusion of the learned circuit court, and, in so far as its adjudication affects them, it should be neither reversed nor reviewed on this appeal.

Moreover, the auditor is not an aggrieved party within the meaning of the statute. If his sole return to the writ would not have given the circuit court jurisdiction to review the proceeding of the board, he alone certainly cannot affect such proceeding by taking an appeal. He therefore has no appealable interest in the subject-matter of this litigation. It appears, however, that the court entered a judgment against all the defendants for costs, and it is contended that this gives the auditor a right to appeal from the entire judgment, and demand a review upon the merits. The contention is untenable. It is apparent that this appeal was not taken because appellant was aggrieved by the judgment for costs. His evident purpose was to secure the reversal of the whole judgment. Suits are brought and prosecuted for the enforcement of rights involved or for the redress of wrongs complained of, and not for the recovery of such costs as may accrue in their prosecution. Costs are but an incident to any action or proceeding. A mere interest in costs gives no right to appeal in respect to the subject-matter. Reid v. Vanderheyden, 5 Cow. 720. The fact that costs are adjudged against a party does not invest him with an appealable interest as to the subject-matter of the controversy. The appeal in this case is from the judgment as an entirety. As such appellant is not entitled to have it reviewed, because it determines a controversy in which he is not concerned. If he was dissatisfied with the allowance of costs, he should have moved for a modification in the court below, and, if necessary,

have appealed from the order denying such motion, or have appealed from that portion of the judgment of which he alone has the right to complain.   Studabaker v. Markley (Ind. App.), 34 N. E. 606.   Having failed to move for a dismissal as to himself, or for a modification as to costs in the court below, and having, without right or authority, appealed from the entire judgment for the evident purpose of securing its reversal as an entirety, the appellant is, we think, not in position to have even the question of costs reviewed.   And, as heretofore suggested, the judgment as to costs cannot be reviewed, for the reason that its modification in that respect would affect the other defendants, who are not parties to this appeal.   As the judgment now stands, each of the defendants, as between themselves, is liable for an equal share of the costs.   If this court should decide that costs were erroneously taxed against the appellant, the recovery against the other defendants would be increased to the extent of appellant's share, and their rights would be substantially affected without having had an opportunity to be heard in this court.   Assuming that no costs should have been taxed against the appellant, as his codefendants, by failing or refusing to appeal, acquiesced in the judgment requiring him to pay a part thereof, on the question of requiring them to pay his share they are adverse parties, and should have been notified of this appeal.   Rev. Code Civ. Proc. § 441.   Therefore, in any view of the case, the appeal must be dismissed.   It is so ordered.