GORDON, Appellant, v. WHITE et al., Respondents.

(146 N. W. 1076.)

1.    Election—Contest of Election—Sale of Intoxicating Liquors—
Parties—City Auditor—Dismissal.

Where the result of an election involving sale of intoxicating
liquors in a municipality, had been declared, and the vote
canvassed, and nothing remained to do but to determine who
would be licensees and to issue licenses, held, the city auditor
was neither a necessary nor a proper party to the contest;
his only duty, under Pol. Code, Sec. 1244, as to issuance of
licenses being to keep a record of the proceedings.

2.    Trial—Imposition of Costs—Election Contest—Local Option—
Procedure.

Where a city auditor was improperly made a defendant to
an election contest involving the validity of a local option
election, held, that under Pol. Code, Sec. 1992, providing that
such contests shall be tried in the same manner, and costs im-
posed as in civil actions under Code Civ. Proc., the auditor

was entitled to his costs upon dismissal of the action as to him.

**3.  Trial—Election Contest—Costs Against Public Officers—"Special Proceeding."**

Pol. Code, Sec. 1992, bringing election contests within the rule of civil actions as to trial and imposition of costs, sec. 1999, making applicable thereto Code Civ. Proc., Pt. 2, in connection with Sec. 415 of the latter Code, found in said Pt. 2, authorize a judgment for costs in favor of an election contestant, who was successful, against the defendants who are public officers; since, if said Sec. 1992 is not broad enough, the imposition of costs is directed by said Sec. 415 as to all actions and special proceedings, and such contest is a "special proceeding."

(Opinion filed May 4, 1914.)

Appeal from Circuit Court, Yankton County. Hon. ROBERT B. TRIPP, Judge.

Election contest by Robert J. Gordon against Edwin T. White and others, to determine the validity of an election upon question of sale of intoxicating liquors. From that part of the judgment in favor of contestant, and against the defendant officers other than the City Auditor, regarding costs, and from that part of the judgment dismissing the contest as to defendant City Auditor and awarding said defendant costs, contestant appeals. Affirmed in part, and in part reversed. See, also 33 S. D. 42, 145 N. W. 439.

*Lauritz Miller,* and *C. J. B. Harris,* for Appellant.

The City Auditor of Yankton was a proper party defendant in this contest. Chapter 254, Session Laws 1913; Section 2856, Revised Political Code; State ex rel Ketterling v. Gregory et al 127 N. W. 733; Treat v. Morris 127 N. W. 554; Truelson v. City of Duluth, 60 Minn. 132, 61 N. W. 911; State v. Gates, 35 Minn. 385, 28 N. W. 927; Sec. 1999 Revised Political Code Part 2 of the Code of Civil Procedure; Sec. 88 Code of Civil Procedure.

The statute gives to the prevailing party as a matter of course the right to recover costs. Sec. 415 Code of Civil Procedure, Subd. 4; Sec. 417 Code of Civil Procedure; Sec. 1992 Pol. Code.

This is an action at law. Sec. 12, Code Civ. Proc. Subd. 4, Sec. 417, Code Civ. Proc.

If Sections 417-418 Code of Civil Procedure do not apply to a proceeding of this kind because of its not being an action, and so, by virtue of Sections 1992, 1995 and 1999, Pol. Code, and Sec. 415, Code Civil Procedure, the appellant is entitled to judgment for costs.

*A. L. Wyman,* and *French & Orvis,* for Respondents.

The City Auditor does not declare the result of the election. He does not pass upon the qualifications of any applicant for a license or permit to sell intoxicating liquors. He is simply the clerk of the Board of City Commissioners. He keeps their records but has no voice in determining their official action.

The City Auditor is not a proper party defendant in an election contest brought to set aside the declared result of an election on the question of selling intoxicating liquors. Sec. 1993, Political Code; Treat v. Morris (S. D.) 127 N. W. 554; Secs. 1993, 1988, Political Code; Truelson v. City of Duluth, (Minn.) 61 N. W. 911; State v. Gates, 28 N. W. 927.

Contestant was not entitled to costs against the city of Yankton. Sec. 1995, Political Code; Edwards v. Loy (Ky.) 68 S. W. 1091.

The "special proceedings" to which reference is made in section 415, C. C. P. are those of a civil nature treated of in Part 3 of the Code of Civil Procedure.

If an election contest proceeding is a special proceeding contemplated by Sec. 415, Code Civil Procedure, the section as applied to all special proccedings is subject to the same limitations as when applied to civil actions. As applied to civil actions it does not mean that public officers or boards are liable for costs, except in cases of official delinquency, or wrong doing. Sec. 12, Code Civil Procedure; Sec. 13 Code Civil Proc.; Ramsdell v. Duxberry, 14 S. D. 222, id, 17 S. D. 311.

An election contest is a special statutory proceeding, not a civil action subject to the rules of pleading in actions at law. 15 Cyc. 404; Moore v. Mayfield, 47 Ill., 167; People ex rel Green, v. Smith, 51 Ill., 177; Dorsey v. Barry, 24 Cal. 449; Gonzales v. Gallegos (N. Mex.) 67 Pac. 1103.

Costs cannot be taxed against the defendants who are public officers. Page v. Kuykendall (Ill.) 43 N. E. 1114; Scrafford v. Gladwin County Supervisors (Mich.) 4 N. W. 167; Bayard

v. Klinge, 16 Minn. 221; Rogers v. Murray, 3 Paige 390; Haunestein. v. Lynham (U. S.) 26 L. Ed. 125.

POLLEY, J.   This is a proceeding instituted under the authority of § 1988 Rev. Pol. Code.   It was brought for the purpose of testing the validity of a vote at the Municipal election held in the City of Yankton, in April, 1913, on the question of issuing retail liquor licenses in that city.   The contestant named as defendants: the City of Yankton, the Mayor, the Members of the Board of City Commissioners, and the City Auditor.   The trial court found for the contestant as against the City, the Mayor, and the Commissioners, but without costs, and dismissed the contest at contestant's cost as to the City Auditor.

The Mayor, the Commissioners, and the City appealed from that portion of the decree which declared the election illegal: 145 N. W. 439, 33 S. D. 42, and the contestant appealed from the portion thereof which dismissed the proceeding against the City Auditor, and allowed him to recover his cost; and also the portion thereof which denied contestant his cost as against the other defendant.

[1] In dismissing the case against the Auditor, the trial court based his conclusions upon the authority of Lindsay v. Boyden, 18 S. D. 379, 100 N. W. 761. While that case is not in all respects parallel to this, what is said there relative to county auditors applies with equal force to city auditors. By §1244 Rev. Pol. Code, it is made the duty of the city auditor to:

"Keep corporate seal, and all the papers and records of the city, and keep a record of the proceedings of the city council whose meetings it shall be his duty to attend."   At the time this case was commenced, the election had been held, the vote canvassed, and the result declared.   Nothing remained to be done but to decide who was to be allowed to engage in the liquor business and to issue permits to such person.   Both these duties devolved upon the Board of City Commissioners: Rev. Pol. Code, §§2855 and 2858 and nothing remained for the auditor to do but to keep a record of these proceedings.   The relief prayed for by contestant, in addition to declaring the election void, was that the defendants: "Be restrained from issuing permits for the sale of intoxicating liquors," etc.   This involved no act that the auditor could perform or over which he had any authority.   The acts that contest-

ant asked to have restrained did not come within the purview of the auditor's duties, and, therefore, there was no reason why he should have been joined as a defendant. He was neither a necessary nor proper party to the proceeding, and, as to him, it was properly dismissed.

[2] By § 1992 Rev. Pol. Code, it is provided that:

"* * * All matters relating to the said contest shall be heard and tried by the circuit court or judge thereof in the manner that civil actions are tried, except as otherwise provided in this article, and the costs shall be taxed in the same manner as in civil actions; and the court or judge thereof shall have all the power of ordering amendments to notice and answers and other proceedings as provided in the Code of Civil Procedure, and the court or judge thereof shall have power to enter all orders and final judgments in such contests the same as in civil actions."

From this and §1999 Rev. Pol. Code, it is clear that the procedure in this class of cases is to be governed, except where it conflicts with the special provisions found in the Pol. Code, by the provisions of the Code of Civ. Proc. This includes the allowance and taxation of costs, and the trial court was justified in awarding costs to the city auditor.

[3] The refusal of the court to award costs in favor of the contestant as against the defendants, other than the city auditor, is based upon the ground, as stated in the court's conclusions of law:

"That costs are statutory and there is no statute whereby contestant can recover costs under the facts here presented, nor can costs be recovered against public officers or boards except in cases of official delinquency or wrong doing, neither of which has been shown to exist here."

In this conclusion, we believe the court is wrong. We believe the provisions of §1992 are broad enough to entitle the contestant to recover his costs as against these defendants, but if they are not then the provisions of §1999 are. This latter section reads as follows:

"Except as otherwise provided in this article the provisions of part 2 of the Code of Civil Procedure are applicable, and constitute rules of practice in the proceedings mentioned in this article."

And §415, which is found in part 2 of the Code of Civ. Proc., reads as follows:

"In all actions and special proceedings, the clerk must tax as a part of the judgment, in favor of the prevailing party, the allowance of his witnesses, the jury, officers' and printers' fees, the compensation of referees, and the necessary expenses of taking depositions, and procuring necessary evidence."

But it is contended by respondent that this proceeding is neither an action nor a special proceeding, as contemplated by the terms of § 415; that § 415 was in force long before we had any statute providing for election contests, and that, therefore, "special proceedings" as used in §415 has reference only to such special proceedings as are mentioned in part 3 of the Code of Civ. Proc. In this contention, we believe respondent is wrong. § 415 being in force at the time the statute providing for election contests was enacted and being included in Part 2 at that time, is as much within the purview of §1999 as any other section to be found in part 2 of the Code of Civ. Proc.; and therefore the prevailing party is as much entitled to recover his costs in a proceeding brought under §1988 of the Pol. Code as in any other "action" or "special proceeding" as the same is used in §415 Code of Civ. Proc. and it is the duty of the clerk to tax such costs as provided for in this section.

From this it follows that the trial court was right in dismissing the action against the city auditor and awarding him his costs; but was wrong in refusing to award costs as against the other defendants. That part of the judgment which dismissed the action as to the city auditor at the contestant's cost is affirmed; and that portion of it which denied the contestant costs as against the other defendant is reversed. But, inasmuch as all the defendants appeared by the same counsel and presented their case on the same brief and both parties have prevailed in part on this appeal, no costs will be allowed in this court.